PAGE *v.* STANLEY.

1. WITNESSES—TRIAL—INSTRUCTION AS TO CREDIBILITY OF WITNESS GIVING CONFLICTING TESTIMONY.

    A requested instruction that if the jury find that the testimony of a witness given at a coroner's inquest was inconsistent with that given on the trial with reference to a material matter, they were at liberty to disregard her entire testimony except so far as it was corroborated, was properly refused, since she might have been honestly mistaken; the rule invoked not being applicable unless the testimony was wilfully or knowingly false.

---

[1]Trial, 38 Cyc. p. 1733; Witnesses, 40 Cyc. p. 2764; 28 R. C. L. 640.

2. APPEAL AND ERROR—TRIAL—INSTRUCTION SHOULD BE CONSIDERED AS WHOLE.

Although part of a statement in an instruction to the jury with reference to the credibility of a witness, standing alone, was erroneous, it did not amount to reversible error, where the jury could not have been misled by the statement as a whole.

3. SAME—WEIGHT OF EVIDENCE.

The Supreme Court has no right to disturb the verdict of the jury, where the evidence is conflicting, unless it is against the overwhelming weight of the evidence, since it is the province of the jury to determine the facts.

Error to Kalamazoo; Weimer (George V.), J. · Submitted January 5, 1928; resubmitted March 27, 1928. (Docket No. 57.) Decided April 3, 1928.

Case by Grace A. Page, administratrix of the estate of Warren H. Page, deceased, against Frank Stanley for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*W. J. Barnard* and *R. G. Goembel,* for appellant.

*Harry C. Howard,* for appellee.

MCDONALD, J. On August 27, 1924, Warren H. Page, a child 9 years of age, was struck and fatally injured by the defendant's automobile at the intersection of Charles street and East avenue in the city of Kalamazoo, Michigan. This suit to recover damages therefor is brought by the duly appointed administratrix. It is charged that the decedent was free from contributory negligence, and that the sole cause of the accident was the negligence of the defendant in operating his automobile at an unreasonable and excessive rate of speed and in not having it under proper control as he approached the street intersection where the

---

[2]Trial, 38 Cyc. p. 1779; [3]Appeal and Error, 4 C. J. § 2836.

decedent was injured.    The defendant insists that he was free from negligence, and that the accident was due to the contributory negligence of the decedent in suddenly darting into the street in front of his automobile.    The issue was submitted to the jury and a verdict was returned for the plaintiff in the sum of $1,193.50.    A new trial was refused and judgment was entered on the verdict.    The defendant has brought error.

The errors alleged relate to the refusal of the court to submit to the jury certain of the defendant's requests to charge, to the charge as given, and to the refusal of the court to grant a new trial.

It is claimed that the court erred in refusing to submit the following request:

"You are instructed that if you find from the evidence in this case that Mrs. Grace Page gave evidence before the coroner under oath, that her testimony as given there was inconsistent with her testimony in this case with reference to any material matter, then you are at liberty to disregard her entire testimony except so far as you may find it to be corroborated by other creditable testimony."

This request was properly refused.    It is not a correct statement of the law.    From the mere fact that the testimony previously given on a material matter was inconsistent with her testimony on the trial, the jury would not be at liberty to disregard her entire testimony.    She may have been honestly mistaken in her testimony at the inquest.    The rule does not apply unless her testimony was wilfully or knowingly false.    The court correctly covered the question in the charge as given as follows:

"Mrs. Page was cross-examined with reference to testimony said to have been given at the coroner's inquest.    If you find that Mrs. Page wilfully, intentionally gave testimony before the coroner's inquest,

under oath, as to any material matter or matters which is inconsistent with and contrary to her testimony here, then you are at liberty to disregard her entire testimony here, except in so far as you find it is corroborated, if you do so find, by other credible witnesses, that is, by other witnesses whose testimony you believe. You must first, in regard to this matter now, about which I am now talking, you must first determine whether she did testify differently respecting material matters. If she did knowingly and wilfully testify differently under oath at some other time, coroner's inquest, than here, then you have a right to disregard her testimony here, unless you find other portions of the testimony corroborated by other witnesses whom you believe."

It is urged by the defendant that the latter portion of this instruction is wrong in that it informs the jury that if the witness was corroborated on any portion of her testimony they would be at liberty to credit her entire testimony. Standing alone, the latter portion of the charge is not a correct statement of the rule, but it should be read in connection with all the court said on the subject. It should be read with the statement immediately preceding it of which it is a part. When so read, it is very plain that the jury could not have been misled.

Other assignments of error relative to the charge of the court have been considered but are not of sufficient importance to require discussion. They are all without merit. The charge carefully and clearly stated the claims of the parties and correctly informed the jury as to the applicable law. We find no reversible error in the refusal to submit defendant's requests or in the charge as given.

It is also urged that the verdict is against the clear weight of the evidence, and that the court erred in refusing to grant a new trial on that ground. On the trial, the defendant contended that the child was guilty of contributory negligence and that he was free

from negligence.    Evidence was introduced in support of this contention, which, if believed by the jury, would have justified a verdict for the defendant.    On the other hand, the plaintiff introduced evidence which the jury believed and which justifies the verdict rendered.    We have no right to disturb the verdict unless it is against the overwhelming weight of the evidence.    Undoubtedly, the defendant's able counsel argued the question in issue before the jury and detailed with emphasis all of the testimony which supported his claims and theories; and, undoubtedly, the jury who saw the witnesses and heard them testify weighed the evidence in the light of counsel's argument. It is the province of the jury to determine the facts. In the instant case, they have determined them against the defendant.    From our examination of the record, we are not persuaded that their verdict is contrary to the overwhelming weight of the evidence.    The court did not err in refusing the motion for a new trial on that ground.

The judgment of the trial court is affirmed, with costs to the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.