GRISWOLD *v.* NEWHOUSE.

1. APPEAL AND ERROR—VERDICTS—OVERWHELMING WEIGHT OF EVIDENCE.

The Supreme Court has no right to disturb the verdict of a jury in a civil action at law unless the verdict is against the overwhelming weight of the evidence.

2. CONTRACTS—NEGOTIATED PRICE—FINANCING CONTRACT.

Verdict for plaintiff purchaser for difference between negotiated purchase price for an automobile and amount later inserted in financing contract which represented amount of lien and finance charges on car traded in *held,* not contrary to the overwhelming weight of evidence.

Appeal from Kent; Searl (Fred N.), J. Submitted June 23, 1958. (Docket No. 59, Calendar No. 47,560.) Decided September 9, 1958.

Action by David Griswold against Herbert Newhouse, doing business as Newhouse Oldsmobile, for difference between negotiated purchase price of automobile and amount later inserted in financing contract. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Smedley & Spaniola,* for plaintiff.

*Philip L. Hogan,* for defendant.

VOELKER, J. On October 13, 1956, plaintiff-appellee, David Griswold, purchased from defendant-ap-

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 888.

pellant, Newhouse Oldsmobile, a 1956 Oldsmobile automobile. The agreed purchase price was $1,790 plus appellee's 1955 Pontiac. At that time appellee signed a "car order" which embraced their deal as set out above. He also signed a conditional sales contract in blank and a "statement of motor vehicle sale" was typed out by appellant's office girl. Plaintiff then took possession of the car.

On Wednesday morning, October 17, 1956, the appellee's wife received, through the mail, a copy of the contract from their finance company, together with a payment book showing figures larger than and different from those in the papers appellee had signed. Appellee and his wife immediately went to Sparta to see appellant about why the finance contract was different and why appellee was required to pay $2,979, when the deal as consummated on Saturday, October 13, 1956, required him to pay but $1,790 plus taxes and financing. Appellant appears to have told them that that was the deal, and that the different figures were earlier used as a device to cheat the State out of sales tax. Appellee wanted to get his old car back and cancel the deal, but appellant had already sold it for $1,200.

The next day, October 18, 1956, appellee's wife went to the finance company to tell them about what had transpired, and she was told that the contract was signed and that her husband would have to pay. Appellee then retained an attorney and suit was commenced for the difference between what the original papers required them to pay and what the finance contract required them to pay, or $787.80.

The facts as presented in the trial court narrowed down to the question of whether or not the defendant had agreed to assume the lien balance of $668 remaining unpaid on plaintiff's 1955 Pontiac which he had accepted in trade on the new Oldsmobile. This question was presented to the jury and by its

verdict we must assume that it found that defendant-appellant had assumed the lien as it brought in a verdict of $787.80, which amounted to the difference between the 2 contracts, that is, the $668 lien plus finance charges thereon for 36 months.

The single question raised on appeal is, "Was the verdict of the jury contrary to the proofs and evidence?"

The law in Michigan on this subject is clearly set out and discussed in *Page* v. *Stanley,* 242 Mich 326, 330:

"Evidence was introduced in support of this contention, which, if believed by the jury, would have justified a verdict for the defendant. On the other hand, the plaintiff introduced evidence which the jury believed and which justifies the verdict rendered. We have no right to disturb the verdict unless it is against the overwhelming weight of the evidence. Undoubtedly, the defendant's able counsel argued the question in issue before the jury and detailed with emphasis all of the testimony which supported his claims and theories; and, undoubtedly, the jury who saw the witnesses and heard them testify weighed the evidence in the light of counsel's argument. It is the province of the jury to determine the facts. In the instant case, they have determined them against the defendant. From our examination of the record, we are not persuaded that their verdict is contrary to the overwhelming weight of the evidence."

From the excellence of their briefs, we assume that the attorneys here, like the attorneys in the *Page Case,* undoubtedly presented commendable arguments to the jury on the facts and questions involved in their case. The jury, being in the most favorable position to determine the facts, found for the plaintiff, and this Court after carefully reviewing the

record is not persuaded that their verdict was contrary to the overwhelming weight of the evidence.

Judgment affirmed.    Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.