HERMAN v. WAYNE CIRCUIT JUDGE.

1. DIVORCE—UNDERWRITING SHOULD STATE WHETHER ALIMONY OR CUSTODY OF CHILDREN PRAYED FOR IN BILL.

   Under Circuit Court Rule No. 19, § 4, in a divorce case the underwriting should state whether or not alimony or custody of children is prayed for in the bill.[1]

2. SAME—APPEARANCE ENTITLES DEFENDANT TO NOTICE OF SUBSEQUENT PROCEEDINGS.

   Defendant's appearance in a divorce suit gives him a right to have notice of all subsequent proceedings served upon his attorney.[2]

---

[1]Divorce, 19 C. J. § 239 (Anno); [2]Appearances, 4 C. J. § 39.

3. SAME—COPY OF PROPOSED DECREE SHOULD BE SERVED.

> Under 3 Comp. Laws 1915, § 12457, a copy of the proposed decree in a divorce suit, with notice of settlement, should be served upon defendant's attorney even after the bill is taken as confessed.[3]

4. SAME—ALIMONY—PLEADING—PROCESS.

> Where plaintiff's bill, in a suit for divorce, did not pray for alimony, the summons to defendant had no underwriting stating plaintiff asked for alimony, and the bill was not amended, plaintiff was not entitled to alimony.[4]

5. CONTEMPT—NOTICE OF DECREE NECESSARY.

> In contempt proceedings for the nonpayment of alimony, it is necessary to show that defendant knew, or should have known, of the terms of the decree.[5]

6. DIVORCE—APPEARANCE—CUSTODY OF CHILD—NOTICE.

> Where defendant in divorce suit appeared and had a copy of the bill, which prayed for custody of the child, he must be held to have had notice thereof, although the underwriting did not so state, as required by court rule.[6]

7. SAME—PLEADING—SUPPORT OF CHILD.

> Where wife's bill for divorce prayed for the custody of the child, the court had a right to award the custody of the child to her and decree that the husband contribute toward such support.[7]

8. SAME — STATUTE DISPENSING WITH DEMAND WHERE PERSON SERVED WITH NOTICE IMPLIES ESSENTIAL NOTICE.

> Under 3 Comp. Laws 1915, § 11445, dispensing with a demand or notice of an order or decree for alimony where the party has appeared in person or by solicitor, or has been personally served with process within the jurisdiction of the court, it is necessarily implied that the statute and court rules relative to essential notices have been observed.[8]

9. SAME—REMARRIAGE MAY BE REASON FOR MODIFICATION OR ANNULMENT OF ALIMONY.

> While remarriage may be a reason for modification or annulment of a decree for alimony, to be paid in installments, it does not *ipso facto* annul the decree for alimony.[9]

[3]Divorce, 19 C. J. § 407 (Anno); [4]Id., 19 C. J. § 659; [5]Id. 19 C. J. § 696 (Anno); [6]Id., 19 C. J. § 239 (Anno); [7]Id., 19 C. J. §§ 789, 791 (Anno); [8]Id., 19 C. J. § 698 (Anno); [9]Id., 19 C. J. §§ 626, 637; 62 L. R. A. 974; L. R. A. 1915F, 821; 30 A. L. R. 79; 37 A. L. R. 441; 1 R. C. L. 950; 1 R. C. L. Supp. 291; 5 R. C. L. Supp. 56; 6 R. C. L. Supp. 49.

10. SAME—REMARRIAGE PLANNED BEFORE DIVORCE WARRANTS ANNULMENT OF ALIMONY.

    If a second marriage was planned by a wife before she commenced suit for divorce, and was carried out by remarriage, she may not, by process for contempt, use the court to enforce the decree for alimony to be paid in installments, for the court will, upon disclosure of such fact, discontinue the installments of such alimony from the date of the remarriage.[10]

11. CONTEMPT — SUPPORT OF CHILD UNENFORCEABLE WHERE IMPOSSIBLE TO DETERMINE AMOUNT.

    Where the decree in a suit for divorce granted a stated sum for the joint purpose of alimony to the wife and support of a minor child and the award for alimony should be annulled, the terms of the decree for support of the child may not be enforced by contempt proceedings, since it is impossible to determine what part should be paid for said purpose.[11]

Mandamus by Sadie Hobar Herman to compel Vincent M. Brennan, circuit judge of Wayne county, to set aside an order dismissing contempt proceedings for nonpayment of alimony. Submitted October 5, 1926. (Calendar No. 32,564.) Writ denied December 8, 1926.

*Joseph Fabian,* for plaintiff.

*O. K. Underwood,* for defendant.

WIEST, J. This is review of an order dismissing a proceeding against John Hobar for an alleged contempt of court in not paying money decreed for the support of his divorced wife and infant daughter. In 1916, Hobar's wife filed a bill for divorce in the Wayne circuit, set up therein that the parties had a daughter, then four years of age, and asked for her care, custody, and education. The bill did not ask for alimony for the wife or support money for the child. The sum- .

[10]Divorce, 19 C. J. §§ 626, 700; [11]Id., 19 C. J. § 692 (Anno).

mons issued and served on Mr. Hobar had no underwriting stating whether the bill prayed for alimony or custody of the child.

Circuit Court Rule No. 19, § 4, relative to a chancery summons, provides that in a divorce case the underwriting shall state whether or not alimony or custody of children is prayed for in the bill.    The purpose of the rule is manifest; its fairness is appealing, and its mandate must be obeyed.    The reason for the omission was probably because the bill did not ask for alimony.    But even in such a case the rule requires the underwriting to say so.    The bill did ask for the custody of the child and the underwriting should have so informed Mr. Hobar.    The summons not containing the information he was entitled to have, Mr. Hobar employed an attorney, caused his appearance to be entered in the case, and claims the attorney advised him that the bill did not pray for alimony for the wife or money for the maintenance of the child.    No answer to the bill was filed, and we assume it was taken as confessed.    Mr. Hobar's appearance in the case gave him a right to have notice of all subsequent proceedings served upon his attorney. A decree of divorce was granted plaintiff, and without any amendment to the bill or summons and without notice to defendant, the court awarded the custody of the child to the plaintiff, and ordered the defendant therein to pay $4 each week, in advance, for the support of *plaintiff and the child*.    There is no allegation that a copy of the decree was served upon the attorney for defendant or upon defendant at any time, and Mr. Hobar claims no copy was ever served.    A copy of the proposed decree, with notice of settlement, should have been served upon defendant's attorney. The statute (3 Comp. Laws 1915, § 12457) so provides.    This applies even after the bill is taken as confessed.    *Martin* v. *McReynolds*, 6 Mich. 70;

*Connor* v. *Jochen,* 171 Mich. 69. The contempt alleged was not against the dignity of the court granting the decree of divorce, but against the parties in whose behalf the order for alimony and support was made, and which the accused is charged with not obeying. In order for Mr. Hobar to disobey, it was necessary to show that he knew, or should have known, of the terms of the decree. Mrs. Hobar did not pray for alimony in the bill she filed for divorce. The summons to Mr. Hobar had no underwriting stating she asked alimony, and the bill was not amended. For this reason, and another we shall presently point out, she was not entitled to alimony. The bill did pray for the custody of the child but the summons did not so state. Defendant appeared, had a copy of the bill, and he must be held to have had notice that the bill prayed for custody of the child. The underwriting of a summons does not have to state that money is asked for support of a child of the parties, but only that custody of the child is prayed for in the bill.

Infants are, in a sense, wards of the court of chancery and their welfare is to be guarded. Under the prayer in the bill the court had a right to award the custody of the child to the mother and decree that the father contribute toward such support. Mr. Hobar was bound, without decree, to provide for his child, either in his own home or elsewhere, and the court, under the bill filed, not only had a right but as well a duty to make the father help support the child. Mr. Hobar took no part in the hearing of the divorce case, and claims that, from the time of the divorce in 1917, until this proceeding was commenced in 1926, he had no knowledge of the subject-matter of the alleged contempt.

Plaintiff claims that some years ago she asked him for the money and he refused to pay, but does not say when and alleges no service of a copy of the de-

cree.    Just before this proceeding was commenced plaintiff says she sent him a demand for payment by registered letter, but does not disclose the nature of the demand so made.    For nine years no steps were taken to enforce the decree.    It is true the statute (3 Comp. Laws 1915, § 11445) dispenses with a demand or notice of an order or decree for alimony where the party has appeared in person or by solicitor, or has been personally served with process within the jurisdiction of the court, but this necessarily implies that the statute and court rules relative to essential notices have been observed, because, if observed, then full notice is given.

The divorce was granted in February, 1917, and the next month Mrs. Hobar married her present husband.    Mr. Hobar filed an affidavit in this proceeding stating that his wife informed him, before the divorce suit was commenced, she intended to obtain a divorce and then marry her present husband.    We find no denial of this, and the fact that the next month after the divorce she married her present husband leads us to believe such second marriage was planned before the divorce suit was started.    While remarriage may be a reason for modification or annulment of a decree for alimony, to be paid in installments, it does not *ipso facto* annul the decree for alimony.    However, if the second marriage was planned by Mrs. Hobar before she commenced the proceeding for divorce and was carried out by remarriage she may not, by process for contempt, use the court to enforce the decree for such alimony for her benefit, for the court will, upon disclosure of such fact, discontinue the installments of such alimony from the date of such second marriage.    See *Hartigan* v. *Hartigan,* 145 Minn. 27 (176 N. W. 180).    At this point comes the difficulty in this proceeding in enforcing the terms of the decree with reference to the child.    The decree

236—Mich.—39.

granted a stated sum for a joint purpose, and, such sum not being divisible, we cannot say what part thereof should have been paid for the support of the child, and then direct the court below to order him to pay such sum or go to jail. The sum awarded was small, but this does not help solve the question, for we cannot modify the decree by holding the whole sum should have been paid for the support of the child and then find him guilty of contempt for not so making payment. We are constrained to affirm the action in the circuit court.

The writ of mandamus is denied, with costs against plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, and CLARK, JJ., concurred. McDONALD, J., concurred in the result.