KIRN v. IOOR. .

1. MANDAMUS—COURT RULES—LEAVE TO APPEAL.
    Court Rule No. 60 (1933), requiring leave to appeal "in the
    nature of mandamus," as applied to application of party
    seeking to vacate decree and for rehearing, is consonant with
    former practice on application for original writ of mandamus.

2. JUDGMENT—INDORSEMENT OF DECREE AS TO SUBSTANCE AND FORM.
    Decree indorsed "approved as to substance and form" by losing
    attorneys is not a consent decree where record discloses no
    evidence of preliminary discussion between opposing attorneys
    looking to compromise or surrender of rights and, as drawn,
    was strictly in accordance with orally announced decision of
    the court.

3. SAME—SETTLEMENT OF DECREE.
    Prevailing attorneys must serve upon losing counsel copy of
    proposed decree with notice of time and place of presentment
    for settlement, where losing attorneys do not give written
    approval of decree (Court Rule No. 8 [1933]).

4. APPEAL AND ERROR—SETTING ASIDE DECREE—ABUSE OF DISCRE-
    TION.
    Ruling of trial court on application to set aside its judgment or
    decree will not be disturbed unless shown to have been a clear
    abuse of discretion.

5. JUDGMENT—DENIAL OF REHEARING—ABUSE OF DISCRETION.
    Denial of motion to set aside decree and grant rehearing on bill
    in aid of execution is affirmed as not an abuse of discretion
    where no request for continuance was made at time of trial
    because of applicant's absence and her claim that her father,
    the judgment debtor, had orally given the property to her
    over 15 years before his indebtedness to plaintiff accrued is
    not even mentioned in his affidavit in support of her applica-
    tion.

Appeal from Kent; Brown (William B.), J. Sub-
mitted February 7, 1934. (Calendar No. 37,641.)
Decided March 6, 1934.

Bill in aid of execution by Rachel Miles Kirn against Walter Ioor, Bessie A. Yeider and others for cancellation of deeds. Decree for plaintiff. Defendant Bessie A. Yeider reviews order denying a rehearing by appeal in the nature of mandamus. Writ denied.

*Norris, McPherson, Harrington & Waer* and *Annis & Heaney,* for plaintiff.

*Renihan & Lilly,* for defendant Bessie A. Yeider.

STEERE, Retired Justice, sitting at request of the Chief Justice.

In the above entitled suit defendant and appellant Bessie A. Yeider applies for leave to appeal "in the nature of a mandamus" (pursuant to Court Rule No. 60 [1933]), asking a mandate directing the judge of the Kent county circuit court, in chancery, to set aside his decree in favor of plaintiff and grant a rehearing. This rule requiring leave to appeal, as applied here, is in all legal import consonant with former practice on application for relief by the original prerogative writ of mandamus. *Quail* v. *Cole,* 260 Mich. 642.

Two questions in controversy are tendered. The first, as stated in defendant's brief, is as follows:

"1. Does the indorsement 'approved as to substance and form' by the counsel for the losing party to a decree drawn strictly in accordance with the announced decision of the trial court make such a decree a consent decree?"

When the case was finally submitted, after argument, the presiding judge announced briefly his findings and decision from the bench, requesting plaintiff's attorney to draw decree and order as

orally declared. That the instrument plaintiff's attorneys drew was strictly in accordance with the announced decision of the court is not questioned. It bears the indorsement—"Approved as to substance and form, Renihan and Lilly, attorneys for defendant, Bessie A. Yeider." Apparently use of the word "substance" is stressed as converting the instrument, so indorsed, into a consent decree.

Under attending circumstances shown it cannot be so construed, but only as recognition that the proposed decree was legally formulated, and contained in substance the decision as orally announced by the court. There is no evidence of any preliminary discussion or negotiations between attorneys looking to compromise or surrender of any rights by either party. Both sides were represented by competent attorneys, veteranized in the science of jurisprudence, its practical application and the amenities between opposing attorneys in litigation. It was incumbent upon prevailing attorneys to prepare the decree in legal phraseology and in substance as the court announced it. If not approved in writing by the losing attorneys, it became the duty of the prevailing attorneys to prepare and serve upon them a copy of the proposed decree, with notice of time and place it would be presented to the deciding judge for settlement. Court Rule No. 8 (1933), and *Herman v. Wayne Circuit Judge,* 236 Mich. 604. The only consent or favor asked or granted was in effect waiver of notice for settlement of the decree—a common courtesy in practice, where delay and labor in complying with the rule could serve no useful purpose to either party. The possibility of any claim that this is a consent decree was then apparently remote from the minds of defendant's attorneys, for their next move was application to the

trial court to set aside that decree and grant a rehearing, denial of which was followed by this application for mandamus to compel that court to do so, which is the second question presented, somewhat argumentatively, in appellant's brief as follows:

"2. Did the trial court abuse its discretion in denying a motion for rehearing in a case where the property owned and occupied for 16 years as a homestead by a woman, is sought to be sold to apply upon her father's obligation, where the merits of the case were not presented to the trial court, through the illness of defendant and her reliance upon her father's taking care of the case?"

It is long-settled textbook law, sustained by abundant decisions in this court and elsewhere that, in cases within jurisdiction of the trial court, its ruling on application for an order setting aside a judgment or decree is strictly discretionary and will not be disturbed by an appellate court, unless a clear instance of abuse of discretion is shown.

Defendant Walter Ioor is father of appellant Bessie A. Yeider. This proceeding is an offshoot of an action at law between him and plaintiff Rachel M. Kirn, in which she recovered a judgment against him for over $30,000. An execution to collect that judgment was returned by the sheriff *nulla bona,* having found no personal property belonging to defendant, nor real estate standing in his name within the sheriff's bailiwick by which to liquidate his writ, in whole or in part.

Further investigation disclosed that, prior to the date of said judgment but after the indebtedness for which it was rendered had accrued, Walter Ioor conveyed four pieces of real estate which he previously owned, by four separate deeds. One was to defendants LeRoy and one each to defendant

Guernsey, Harry A. Yeider and Bessie A. Yeider. Each deed was dated June 27, 1930. The consideration stated in each was one dollar, and other good and valuable consideration. One piece of real estate was an outlying 40 acres in Kent county and the three others were lots in the city of Grand Rapids. Plaintiff's counsel then caused an *alias* writ of *fieri facias* to be issued and levy made by the sheriff upon said property, and filed a bill of complaint for cancellation of said deeds in aid of execution.

At the time of these proceedings appellant lived with her husband in a house on the lot so deeded to her by her father on June 27, 1930, described as "lot 28, except the west 59 feet thereof, block 2, Dunton's addition to the city of Grand Rapids." She appeared by counsel and answered stating, amongst other things, that her father, Walter Ioor, gave her said premises "upwards of 12 years ago," and that she and her husband "have been in actual occupancy of the said premises as their homestead for a period of approximately 15 years."

When the case was brought on for hearing defendant and appellant Bessie A. Yeider and her father were both yet living in Grand Rapids, but neither was present at the hearing. When the case was called counsel for both sides responded. No motion for continuance was made by either party. The case was heard and submitted. What evidence was introduced we are not advised but the nature of the case suggests documentary in part. Plaintiff had subpœnaed Walter Ioor as a witness and, during the trial, commented adversely on his absence and that of appellant Bessie A. Yeider, to which no explanatory response was made.

Appellant Bessie A. Yeider's grounds for a rehearing, and claim of abuse of discretion in its

denial, are in substance that the lot in question, with possession, was orally given her by her father' over 15 years before his indebtedness to plaintiff accrued; that she and her husband forthwith took possession of and have resided upon it ever since in open, notorious claim of ownership; that she relied upon her father to look after and protect her interests in this litigation, but. he was suddenly called away to look after repairs to some property in Florida, injured by a storm; that she was ill when the case was heard and had a physician. She does not state the nature or extent of her illness, nor furnish a certificate of the physician, nor even state, except by inference, that she was unable to attend the trial.

An affidavit in the record of her father, Walter Ioor, marked "exhibit 1," and sworn to before a notary in Florida, is suggestively significant of the reason plaintiff's attorneys subpœnaed him as a witness. He necessarily was familiar with the facts involved in this litigation, but offers no explanation of why he ignored plaintiff's subpœna and went to . Florida, is silent as to his daughter's contention that he orally gave her the lot she claims—a paramount issue in this litigation—states nothing in reference to his indebtedness to plaintiff or her unpaid judgment against him, offers no explanation of the four deeds he gave for a dollar each, after he contracted that indebtedness, but devotes his entire affidavit to relating how wealthy he had been and how honest he was.

The trial judge in denying this motion states that nothing new or different had been brought to his attention, since the previous hearing, that appealed to the discretionary judgment of the court to change its previous order denying a rehearing and that "At the time of the original hearing and trial, no

request or motion for continuance was made by counsel for defendant, and counsel for defendant consented that the trial proceed without delay.''

This court finds no abuse of the discretionary power vested in the trial court.

Writ denied.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.