## TRUPSKI *v.* KANAR.

1. APPEAL AND. ERROR—QUESTIONS REVIEWABLE—JURISDICTION ON AP-
PEAL TO CIRCUIT COURT—APPROVAL AS TO FORM AND SUBSTANCE.
  · Question as to jurisdiction of circuit court on delayed appeal
     from probate court was not reviewable in Supreme Court,
     where defendant's attorney had "approved as to form and
     substance" the order of the circuit court, denying his motion
     to dismiss based upon alleged lack of jurisdiction of the circuit
     court, and it appears plaintiff had complied with the pertinent
     court rule (Court Rule No 75, § 7 [1945]).

2. ESTATES OF DECEDENTS—CLAIM FOR HOUSEKEEPING SERVICES—EX-
PRESS CONTRACT—EVIDENCE.
     Evidence presented in record in proceeding against decedent's
     estate on claim of $25 to $30 a week for housekeeping services
     *held*, sufficient, although in dispute, to support the making of
     an express contract therefor, and to support jury's verdict
     for plaintiff.

3. APPEAL AND ERROR—VERDICT—GREAT WEIGHT OF EVIDENCE.
     The Supreme Court will not disturb a jury verdict unless it is
     against the great weight of the evidence.

4. CONTRACTS—HOUSEKEEPING SERVICES—ESTATES OF DECEDENTS—
EVIDENCE.                                                         . ·
     Jury's verdict for plaintiff in action on express contract for
     housekeeping services against estate of decedent *held*, not
     against the great weight of the evidence.

5. APPEAL AND ERROR—INSTRUCTIONS—REQUEST TO CHARGE.
     The trial court's failure to instruct the jury on any point of
     law is not ground for setting aside the verdict of the jury,

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur, Appeal and Error §§ 206, 211.
[2] 20 Am Jur, Evidence §§ 386, 901.
[3, 4] 3 Am Jur, Appeal and Error § 887. .
[5] 53 Am Jur, Trial §§ 513–515.
[6] 39 Am Jur, New Trial § 134; 30A Am Jur, Judgments § 300.

where such instruction has not been requested and review of the instructions given discloses the matter complained of was covered and the charge, taken as a whole, fairly and properly advised the jury (Court Rule No 37, § 9 [1945]).

6. SAME—NEW TRIAL—JUDGMENT NOTWITHSTANDING VERDICT—EXPRESS CONTRACT FOR HOUSEKEEPING SERVICES.

Refusal to grant a new trial and denial of motion for judgment notwithstanding verdict *held,* not an abuse of discretion on record presented in action on express contract for housekeeping services for decedent, where issues of fact were involved and verdict was not against the great weight of the evidence.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted April 5, 1962. (Docket No. 25, Calendar No. 49,522.) Decided May 18, 1962.

Claim by Kazimiera Trupski against Sophie Kanar, executrix of the estate of Kosma Klymiuk, for services rendered deceased, presented in probate court and denied. On appeal to circuit court verdict and judgment entered for plaintiff. Defendant appeals. Affirmed.

*Fred Chekaway,* for plaintiff.

*Stanley F. Kaczor,* for defendant.

KAVANAGH, J. This is an appeal from a judgment for plaintiff in the amount of $2,500 entered on a jury verdict in Wayne circuit court. Plaintiff sued on an express agreement by Kosma Klymiuk, deceased, to pay $25 or $30 per week for certain housekeeping services alleged to have been performed by plaintiff for the deceased.

Plaintiff originally filed her claim in probate court. The matter was referred to a referee for hearing. After testimony, upon recommendation of the referee, the probate court entered an order denying the claim.

Plaintiff appealed to the circuit court, where the case was tried before a jury on the theory of an express contract. Motion for new trial was made and denied. The defendant executrix raises several questions, the first being with reference to the jurisdiction of the court.

Plaintiff filed a petition for leave to file a delayed appeal from the order of disallowance of her claim in the probate court. After a hearing on the matter, the court permitted the plaintiff to file an amended affidavit in support of the motion. Upon the filing of the affidavit the motion was granted and plaintiff was permitted to file her claim of appeal within 10 days from the date of the order, March 18, 1959.

A bond was filed but a claim of appeal and notice of appeal was not filed with the probate court by the plaintiff.

A general appearance was filed by defendant and the case was placed on the list of causes ready for trial.

At the pretrial hearing both parties expressed satisfaction with the pleadings.

Defendant subsequently filed a motion to dismiss, alleging that the plaintiff, having failed to file a claim of appeal, the circuit court was without jurisdiction over the subject matter. This motion was denied.

Defendant mistakenly relies on Michigan Court Rule No 75, § 4 (a).* This rule applies with reference to appeals of right from probate court to circuit court. Michigan Court Rule No 75, § 7,* applies where leave to appeal must first be obtained, and reads as follows:

"In cases where leave to appeal must first be obtained, such leave shall be granted only upon motion

---

* See amendment of 1945 rule, adopted November 2, 1949, at 326 Mich xxxvii.—REPORTER.

and notice filed in the circuit court, within the time prescribed by law, a copy of which motion and notice shall be filed within 2 days with the lower court, and the date of hearing fixed in said notice shall be within 10 days after filing said motion. The motion shall set forth the reasons and grounds of the proposed appeal and there shall be attached thereto an affidavit setting forth so much of the substance of the record and proceedings in the court or tribunal below as is necessary to show the merits of the claim of appeal and the names of all adverse parties. The judge of the circuit court hearing such motion shall, after hearing, enter an order allowing or denying such appeal, and if the appeal is allowed, the judge shall in said order prescribe the time within which an appeal shall be taken, which time shall in no case exceed 10 days from the date of such order, and the appellant shall:

"(a) Forthwith file a true copy of such order with the lower court; thereupon the circuit court shall be deemed vested with jurisdiction of said appeal, and no appeal shall thereafter be dismissed without notice to the appellant.

"(b) If the appellant desires a jury trial, he shall file demand therefor with copy of such order; otherwise, jury trial shall be deemed to have been waived by the appellant.

"(c) Within 5 days of the date of such order, serve a true copy thereof, and of the demand for a jury trial, if any, upon the opposite party or his attorney, or serve a copy of the order and of the demand, if any, upon such persons and within such time and in such manner as the circuit court shall by order direct."

Plaintiff complied with section 7 of Court Rule No 75 (1945). The order allowing delayed appeal was entered on March 18, 1959, and service of said order, together with demand for jury, was made upon the lower court and upon the adverse party on

March 20, 1959, all of which was within the prescribed time.

It is to be noted that the order denying the motion to dismiss filed February 10, 1961, contains the following: "Approved as to form and substance: Stanley Kaczor, attorney for defendant." The order of the court is not reviewable here since the defendant consented to it both as to form and substance. See *Chilton's, Inc.,* v. *Wilmington Apartment Co.,* 365 Mich 242; *Sauer* v. *Rhoades,* 338 Mich 679.

The next question we consider is whether or not the plaintiff had proven the existence of a valid and binding express contract. Admittedly, the testimony in some respects as to the alleged contract is in dispute.

The record contains sufficient testimony to support the making of the express contract. It discloses plaintiff did work for the deceased, the nature of the services performed, and the reasonableness of $25 or $30 a week.

While it is true there is some testimony to the effect the deceased did part of his own housework, this created a question of fact to be submitted to the jury under a proper instruction and, having been so submitted, the jury's verdict in this regard cannot be upset by this Court. The jury was entitled to evaluate the testimony with respect to the agreement to pay, and it was equally within its power to consider performance on the part of the plaintiff.

This Court will not disturb a jury verdict unless the verdict is against the great weight of the evidence. *Konieczka* v. *Mt. Clemens Metal Products Co.,* 360 Mich 500; *Griswold* v. *Newhouse,* 353 Mich 485; *Schneider* v. *Pomerville,* 348 Mich 49; *Van Dyke* v. *Rozneck,* 324 Mich 29.

A review of the record in this case does not lead us to a conclusion that the verdict was against the great weight of the evidence.

366 . MICHIGAN REPORTS.

· Appellant has actually listed 12 questions in her brief; however, they overlap to such an extent that I believe we have answered all except whether the trial court properly charged the jury with reference to the principles of law pertinent to establishment and existence of an express contract. The defendant does not point out in her brief where the trial court failed in this respect. No request to charge was made to the trial court by the defendant. Court Rule No 37, § 9 reads in part as follows:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested."

This is particularly applicable in the instant case where a review of the instructions of the trial judge shows he sufficiently covered the matter and, taken as a whole, fairly and properly advised the jury. See *Peden* v. *Carpenter*, 352 Mich 604; *Martiniano* v. *Booth,* 359 Mich 680, and cases therein discussed.

The trial was a fair one; the credibility of the witnesses and the issues involved were questions of fact for the jury. The verdict of the jury was not against the great weight of the evidence.

We conclude, therefore, the trial court did not abuse its discretion in refusing to grant the motion for new trial and the motion for judgment notwithstanding the verdict.

The verdict and judgment of the lower court is affirmed. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.