AHRENBERG MECHANICAL CONTRACTING, INC v HOWLETT

Docket No. 101284. Decided March 26, 1996. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the order of the Court of Appeals and remanded the case to that Court for further proceedings.

Ahrenberg Mechanical Contracting, Inc., a subcontractor, brought an action in the 47th District Court against Hugh Howlett, doing business as Bloomfield Consulting and Inspections Company, the general contractor, and Sid Moss & Associates and American Auto Village of Farmington Hills, the owners of the property on which work was being performed, alleging that it had not been fully paid. The general contractor filed a cross-complaint against the property owners, alleging that it had not been properly paid. The court, Frederick L. Harris, J., entered a default judgment against the property owners upon their failure to file an answer. The case was transferred to the Oakland Circuit Court because the cross-complaint exceeded the jurisdictional limit of the district court. The court, Rudy J. Nichols, J., entered a default judgment against the property owner, and, thereafter, entered four orders denying various motions by the property owners. One of the orders bore the signatures of the attorneys below the phrase, "Approved as to Form and Content." The Court of Appeals, TAYLOR, P.J., and McDONALD and NEFF, JJ., dismissed an appeal by the property owners in an unpublished order, finding that the approval language transformed the order into a consent judgment, and thus not reviewable (Docket No. 153416). The property owners seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

Where there is no indication that the parties have stipulated to the outcome, mere approval of an order as to form and substance does not transform the order into a consent judgment.

In this case, the property owners vigorously litigated their position in circuit court, and then acted promptly to perfect an appeal. There is nothing in the record to suggest that approval of the disputed order as to form and content signaled the property owners' agreement with the trial judge's ruling.

Reversed and remanded for consideration on the merits.

*Daniel Randazzo* for the plaintiff.

*Haliw, Siciliano & Mychalowych* (by *Andrew J. Haliw III* and *Nanette L. Korpi*) and *William C. Harsha* for the defendants.

PER CURIAM. This is a contested matter. However, the Court of Appeals dismissed the appeal on the ground that, by approving an order "as to form and content," counsel for the appellants had unwittingly allowed entry of a consent judgment. We reverse the order of dismissal and remand this case to the Court of Appeals for consideration of the appeal.

I

The plaintiff is a subcontractor. The defendants are a general contractor and the owner of the property on which work was being performed. Saying that it had not been fully paid, the subcontractor sued the general contractor and the property owner in district court.[1] Likewise asserting that it had not properly been paid, the general contractor filed a cross-complaint against the property owner.

When the property owner failed to file an answer, the plaintiff entered its default and obtained a default judgment in district court.

Soon after, the case was transferred to circuit court because the cross-complaint involved an amount in excess of the jurisdictional limit of the district court. In circuit court, the general contractor entered the property owner's default, and obtained a default judgment.

---

[1] The property owner maintains that it was not accurately named in the complaint, and that service of process and subsequent proceedings were therefore defective. We need not resolve that dispute at this stage.

The property owner then filed several motions in circuit court. It sought to have the defaults and default judgments set aside, to obtain summary disposition on the merits of the complaint and the cross-complaint, and various other forms of relief. These voluminous filings included extensive written argument and many supporting documents.

At a hearing in circuit court, the property owner vigorously argued its position, but to no avail. The circuit court denied all the property owner's motions.[2] Motions for reconsideration were likewise denied.

To confirm the rulings on the property owner's many motions, the circuit court entered four orders. Three bore only the signature of the circuit judge. The fourth order, governing part of this dispute, also bore the signatures of the attorneys below the phrase, "Approved as to Form and Content."

With a claim of appeal that listed all four orders, the property owner appealed to the Court of Appeals. However, the Court dismissed the appeal on the ground that the approval language transformed the order into a consent judgment, which is not reviewable.

The property owner moved for rehearing. In an affidavit, counsel for the property owner swore that approval of the order as to form and content was intended only to signify that the content of the order accurately reflected the circuit judge's oral ruling. Counsel stated that he did not intend to convert this disputed case into a consent judgment.

---

[2] The circuit court also granted a motion filed by the general contractor, in which it sought to amend its pleadings and the judgment to reflect the correct corporate and partnership names of the property owner.

The motion for rehearing was denied, and the property owner has applied to this Court for leave to appeal.

II

As the Court of Appeals dismissal order reflects, this Court did state in *Trupski v Kanar*, 366 Mich 603, 607; 115 NW2d 408 (1962), that "[t]he order of the court is not reviewable here since the defendant consented to it both as to form and substance." However, on many occasions the Supreme Court and the Court of Appeals have addressed the merits of a case, notwithstanding the fact that such a notation was appended to the order.

We believe that the better rule is stated in *Kirn v Ioor*, 266 Mich 335, 336-338; 253 NW 318 (1934), in which this Court explained:

> When the case was finally submitted, after argument, the presiding judge announced briefly his findings and decision from the bench, requesting plaintiff's attorney to draw decree and order as orally declared. That the instrument plaintiff's attorneys drew was strictly in accordance with the announced decision of the court is not questioned. It bears the indorsement—"Approved as to substance and form, Renihan and Lilly, attorneys for defendant, Bessie A. Yeider." Apparently use of the word "substance" is stressed as converting the instrument, so indorsed, into a consent decree.
>
> Under attending circumstances shown it cannot be so construed, but only as recognition that the proposed decree was legally formulated, and contained in substance the decision as orally announced by the court. There is no evidence of any preliminary discussion or negotiations between attorneys looking to compromise or surrender of any rights by either party. Both sides were represented by competent attorneys, veteranized in the science of jurisprudence, its practical application and the amenities between

opposing attorneys in litigation. It was incumbent upon pre-
vailing attorneys to prepare the decree in legal phraseology
and in substance as the court announced it. If not approved
in writing by the losing attorneys, it became the duty of the
prevailing attorneys to prepare and serve upon them a copy
of the proposed decree, with notice of time and place it
would be presented to the deciding judge for settlement.
Court Rule No. 8 (1933),[3] and *Herman v Wayne Circuit
Judge*, 236 Mich 604 [211 NW 52 (1926)]. The only consent
or favor asked or granted was in effect waiver of notice for
settlement of the decree—a common courtesy in practice,
where delay and labor in complying with the rule could
serve no useful purpose to either party. The possibility of
any claim that this is a consent decree was then apparently
remote from the minds of defendant's attorneys, for their
next move was application to the trial court to set aside
that decree and grant a rehearing, denial of which was fol-
lowed by this application for mandamus to compel that
court to do so . . . .

See also *Aubuchon v Farmers Ins Exchange*, 448
Mich 860 (1995).

In the present case, the property owner vigorously
litigated its position in circuit court, and then acted
promptly to perfect an appeal. There is nothing in the
record to suggest that approval of the disputed order
"as to form and content" signaled the property
owner's agreement with the trial judge's ruling.

Where there is no indication that the parties have
stipulated to the outcome, the analysis found in *Kirn*
is appropriate.[4] We therefore reverse the order of the

---

[3] See MCR 2.602(B).

[4] In *Chilton's Inc v Wilmington Apartment Co*, 365 Mich 242; 112
NW2d 434 (1961), we addressed the merits of the appeal. However, we
cautioned parties to indicate clearly if they intend only to consent to the
form of an order. Since there are cases in which a true consent decree is
approved as to form and substance, e.g., *Longo v Minchella*, 343 Mich 373;

Court of Appeals and remand this case to the Court of Appeals for consideration of the merits of the appeal filed by the property owner. MCR 7.302(F)(1).

BRICKLEY, C.J., and LEVIN, CAVANAGH, BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.

---

72 NW2d 113 (1955), we repeat that parties should indicate clearly the nature and extent of the approval that is granted.