[No. B213489. Second Dist., Div. Four. Mar. 11, 2010.]

GARY A. FREEDMAN, Plaintiff and Appellant, v.
MARK BRUTZKUS et al., Defendants and Respondents.

■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■

COUNSEL

Browne, Woods, George, Edward A. Woods and Sylvia P. Lardiere for Plaintiff and Appellant.

Nemecek & Cole, Jonathan B. Cole, Michael McCarthy and Susan S. Baker for Defendants and Respondents.

Robie & Matthai, Edith R. Matthai and Steven S. Fleischman for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Defendants and Respondents.

OPINION

**EPSTEIN, P. J.**—The signature block on a contract bears an attorney signature under the legend "approved as to form and content." Does that signature amount to an actionable representation to an opposing party's attorney? We conclude that it does not.

Plaintiff and appellant Gary A. Freedman's complaint against defendants and respondents Mark Brutzkus and Ezra, Brutzkus & Gubner, LLP (collectively Brutzkus), was dismissed following the sustaining of respondents' demurrer without leave to amend. Appellant argues the trial court erred in finding that he did not state a cause of action against respondents for fraud. The dispositive issue, and apparently one of first impression in this state, is whether an attorney becomes liable to an opposing party's attorney by signing an agreement "approved as to form and content."[1]

We hold that this recital indicates that an attorney has advised or is advising his or her own client of the attorney's approval of the document's form and content, and does not, by itself, operate as a representation to an opposing party's attorney that can provide a basis for tort liability.[2] The trial court was correct in ruling to that effect. We affirm the judgment.

---

[1] We granted leave to the Association of Southern California Defense Counsel to file an amicus curiae brief.

[2] We note that this lawsuit is between two attorneys, and is based on actions taken in their representative capacities. Brutzkus does not argue that a party to a contract could have a cause of action based on this recital apart from a cause of action by the party's attorney. Therefore, we are not called upon to decide whether Freedman's client would have a cause of action against Brutzkus.

## FACTUAL AND PROCEDURAL SUMMARY

"Because this case comes to us on a demurrer for failure to state a cause of action, we accept as true the well-pleaded allegations in [appellant's] complaint." (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 [40 Cal.Rptr.3d 205, 129 P.3d 394].) The following summary is from the charging pleading.

Beginning in 1987, Freedman, an attorney, served as outside counsel for Teddi of California, Inc. (Teddi), an apparel manufacturer. Prior to 2000, Freedman also provided legal services to Carol Anderson, Inc. (CAI), and its owners, Carol Anderson and Jan Janura. In June 2002, Freedman contacted CAI on behalf of Teddi in connection with a trademark license agreement. He informed CAI's agents and Janura that he would withdraw if they were uncomfortable with his representation of Teddi in negotiating the transaction. They did not object, and appellant represented Teddi during negotiations over the next three months. The final agreement recited that Freedman represented only the interests of Teddi in the transaction, with the consent of CAI, Janura, and Anderson, and that all conflicts of interest related to Freedman's previous representation were waived by CAI, Janura, and Anderson. The agreement also contained an integration clause that specified that no agreements, statements, or promises between the parties not contained in the agreement are valid or binding. Respondent Mark Brutzkus, an attorney, was retained to represent CAI, Janura, and Anderson. The final signed agreement included a signature block signed by Freedman and Brutzkus, "Approved as to Form and Content."

Some months later, a dispute arose between Teddi and CAI regarding their rights and obligations under the agreement. It led to a lawsuit by CAI against Teddi. Teddi was forced into bankruptcy by creditors. CAI then sued Freedman, claiming he had represented CAI in the negotiations leading up to the agreement, and that he had told Janura that Teddi would pay the amount due under the agreement. During the course of the lawsuit, Freedman deposed Brutzkus. Brutzkus testified Janura had told him that CAI and Janura were relying on Freedman in connection with the transaction on the basis of their " 'long standing professional relationship.' " Brutzkus said that he did not tell Freedman or anyone else representing Teddi about that reliance on Freedman, or that the conflict waiver provisions in the agreement were inaccurate. He said that he read and understood the agreement before approving it "as to form and content." After Freedman filed several motions seeking dismissal of CAI's action, his malpractice insurance carrier settled with CAI prior to trial.

In the present lawsuit, Freedman alleged that in approving the agreement, "as to form and content," Brutzkus made an actionable representation to Freedman as to the accuracy of the agreement. Freedman pled causes of

action for intentional misrepresentation, fraudulent concealment, and fraudulent inducement that rested on Brutzkus's alleged misrepresentation in approving the agreement "as to form and content."[3] The trial court sustained respondents' demurrer as to all causes of action without leave to amend, and entered judgment for respondents. Freedman filed a timely appeal from the judgment.

## DISCUSSION

"[W]e review the complaint de novo to determine whether it contains sufficient facts to state a cause of action." (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 78 [14 Cal.Rptr.3d 893].) Freedman alleged that, in approving the agreement "as to form and content," Brutzkus represented to him that the agreement accurately stated the terms and conditions upon which CAI, Janura, and Anderson entered into the contract, including its conflict waiver and integration clauses, and that Brutzkus knew this representation was false because Janura had told him that CAI was relying on a " 'long standing professional relationship' " with Freedman in assessing Teddi's financial viability. Freedman says he would have withdrawn and Teddi would not have entered into the agreement had he known about CAI's reliance on its purported relationship.

" 'A lawyer communicating on behalf of a client with a nonclient may not . . . [¶] . . . knowingly make a false statement of material fact . . . to the nonclient . . . .' [Citation.]" (*Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone* (2003) 107 Cal.App.4th 54, 69 [131 Cal.Rptr.2d 777].) " 'A misrepresentation can occur through direct statement or through affirmation of a misrepresentation of another, as when a lawyer knowingly affirms a client's false or misleading statement.' [Citation.] [¶] . . . [¶] '. . . [A] lawyer who makes a fraudulent misrepresentation is subject to liability . . . when the other elements of the tort are established . . . .' [Citation.] This rule 'applies equally to statements made to a sophisticated person, such as to a lawyer representing another client, as well as to an unsophisticated person.' [Citation.]" (*Id.* at pp. 69–70.) A lawyer's actionable misrepresentation can be oral or written. (See, e.g., *id.* at p. 75 [attorney fraudulently misrepresented scope of insurance coverage in letters to opposing party's attorney]; *Vega v. Jones, Day, Reavis & Pogue* (2004) 121 Cal.App.4th 282, 292 [17 Cal.Rptr.3d 26]

---

[3] Freedman concedes that he had no fiduciary relationship with Brutzkus, but argues that the approval "as to form and content" operated as a partial representation that satisfied the required elements for fraudulent concealment. (See *Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 666 [51 Cal.Rptr.2d 907] ["Even if a fiduciary relationship is not involved, a nondisclosure claim arises when the defendant makes representations but fails to disclose additional facts which materially qualify the facts disclosed, or which render the disclosure likely to mislead."].)

[defendant law firm made actionable misrepresentation by presenting false disclosure schedule]; *Cicone v. URS Corp.* (1986) 183 Cal.App.3d 194, 203 [227 Cal.Rptr. 887] [attorney found liable to opposing party's attorney for making false statement to induce closure of a transaction].)

Apart from the signature approving the agreement "as to form and content," Freedman does not allege, nor does the record show, that Brutzkus made any representation as to the agreement's validity, or affirmed any representation of his clients. We find little authority in California or elsewhere addressing the meaning of this recital. (See, e.g., *In re Marriage of Hasso* (1991) 229 Cal.App.3d 1174, 1181 [280 Cal.Rptr. 919] [declining to find an attorney's approval "as to form" a condition precedent to enforceability of an agreement]; *Ahrenberg Mech. Contractor v. Howlett* (1996) 451 Mich. 74 [545 N.W.2d 4, 5–6], citing *Kirn v. Ioor* (1934) 266 Mich. 335 [253 N.W. 318] [finding approval as to form and content of a court order insufficient to establish a consent judgment]; *First American Title Ins. Co. v. Adams* (Tex.App. 1992) 829 S.W.2d 356, 364 [determining that an attorney's approval as to form and substance does not establish a consent judgment or relinquish a party's right to appeal]; *CIC Prop. Owners v. Marsh USA, Inc.* (5th Cir. 2006) 460 F.3d 670, 672–673 [agreement stating it was " 'reviewed by counsel for the parties and approved as to form and content' " indicates that parties were separately advised by counsel].)

■   We conclude that the only reasonable meaning to be given to a recital that counsel approves the agreement as to form and content, is that the attorney, in so stating, asserts that he or she is the attorney for his or her particular party, and that the document is in the proper form and embodies the deal that was made between the parties.

■   The trial judge characterized the statement in similar terms: he said it means that counsel has read the agreement, that the recital formalizes counsel's involvement as attorney to one of the parties, and the recital adds solemnity to the contract's formation. Further, Brutzkus gave this approval to his client. There was no misrepresentation or falsehood in his doing so: he did approve the document as to form and content. An attorney cannot approve an agreement or give a legal opinion on behalf of an opposing party. (See *B.L.M. v. Sabo & Deitsch* (1997) 55 Cal.App.4th 823, 839 [64 Cal.Rptr.2d 335] [finding it "inappropriate to hold an attorney liable to a third party for a legal opinion which the third party could not, under the Rules of Professional Conduct, have contracted to obtain from that attorney"].) We find that Brutzkus's signature approving the document as to form and content was not an actionable representation to appellant. (See *Oceanside 84, Ltd. v. Fidelity Federal Bank* (1997) 56 Cal.App.4th 1441, 1451 [66 Cal.Rptr.2d 487].)

■ Beyond that, adoption of Freedman's interpretation would be inconsistent with the rule that an agent for a disclosed principal to a contract is not liable on the contract itself or on a claim that necessarily arises from the contract. (*Filippo Industries, Inc. v. Sun Ins. Co.* (1999) 74 Cal.App.4th 1429, 1442 [88 Cal.Rptr.2d 881].) And, as argued by amicus curiae, the position urged by Freedman would upend the meaning of a common legal practice, and potentially interfere with attorneys' absolute duty of loyalty to their own clients. ■ (See *Fireman's Fund Ins. Co. v. McDonald, Hecht & Solberg* (1994) 30 Cal.App.4th 1373, 1383 [36 Cal.Rptr.2d 424] [" 'Because of the inherent character of the attorney-client relationship, it has been jealously guarded and restricted to only the parties involved.' [Citation.]"].)

Brutzkus did not make an actionable representation to Freedman; the complaint failed to state a cause of action.

## DISPOSITION

We affirm the judgment. Respondents to have their costs on appeal.

Manella, J., and Suzukawa, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 30, 2010, S182014. George, C. J., did not participate therein.