*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PAWLOSKI, Minors.

FOR PUBLICATION
May 06, 2025
1:38 PM

No. 372145
Kent Circuit Court
Family Division
LC Nos. 22-052477-NA and
22-052478-NA

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

ACKERMAN, J.

Respondent-mother appeals the trial court's order terminating parental rights to her minor children based on a release she executed. As a threshold matter, the Department of Health and Human Services (DHHS) contends that this Court lacks jurisdiction to consider the appeal because respondent consented to termination and is therefore not an "aggrieved party" under MCR 7.203(A). We disagree and hold that when a parent challenges the validity of a release of parental rights on the ground that it was not made knowingly or voluntarily, the parent alleges a concrete injury arising from the trial court's order and qualifies as an aggrieved party for purposes of appellate jurisdiction. Turning to the merits, we conclude that the record supports the trial court's finding that respondent's release was both knowing and voluntary. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

These proceedings began in November 2022, when the DHHS petitioned the trial court to remove respondent's children, SP and CP, from her care. The petition alleged that respondent struggled with substance abuse, mental health challenges, and housing instability, and her boyfriend had physically abused her in the children's presence. In response, the trial court removed the children and placed them in foster care. Respondent subsequently admitted to the petition's allegations, and the court exercised jurisdiction over the children. The court granted respondent supervised visitation and ordered the DHHS to continue making reasonable efforts toward reunification. Over a series of dispositional review hearings, the court heard evidence that respondent's participation in reunification services was inconsistent, her compliance with the case

-1-

service plan was minimal, and she continued to struggle with substance abuse and housing instability.

In June 2024, the DHHS filed a supplemental petition seeking termination under MCL 712A.19b(3)(c)(*i*), (g), and (j). At the adjudication trial, respondent submitted the following "difficult and loving" release of her parental rights:

> NOW COMES [respondent], mother, of the above-named child(ren), and respectfully acknowledges that she is unable to provide a safe, stable, non-neglectful home environment for her child(ren), though financially able to do so, and will be unable to do so within a reasonable amount of time. She has come to the difficult and loving conclusion, after carefully considering all actions taken and exhibits entered, including those of today, that the best interests of her child(ren), [CP and SP], would be served by the termination of her parental rights. Therefore, she does not contest the termination of her parental rights.

Based on that release, the trial court entered an order terminating respondent's parental rights. Respondent now appeals.

## II. DISCUSSION

### A. JURISDICTIONAL CHALLENGE

Respondent comes before this Court on an appeal of right brought under MCR 3.993(A)(5), which provides that "an order terminating parental rights" is appealable of right to this Court. However, the DHHS contends that this Court lacks jurisdiction because respondent *voluntarily* released her parental rights and is therefore not an "aggrieved party" under MCR 7.203(A). Respondent counters that she is aggrieved because her release was not knowing or voluntary.

Our jurisdiction in appeals of right is set out in MCR 7.203(A). We have "jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] judgment or order of a court or tribunal from which an appeal of right to the Court of Appeals has been established by law or court rule." MCR 7.203(A)(2). Because an order terminating parental rights is appealable by right under MCR 3.993(A)(5), the question here is whether respondent is an "aggrieved party." We review that question of law de novo. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

In *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 290-91; 715 NW2d 846 (2006), our Supreme Court provided guidance on who qualifies as an "aggrieved party" under MCR 7.203(A):

> An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [*Id*. at 291 (footnotes omitted).]

Although *Federated Ins Co* addressed the jurisdiction of the Supreme Court rather than this Court, we have consistently applied its standard when interpreting MCR 7.203(A).[1] The DHHS submits that respondent cannot be aggrieved because she consented to the termination, and "neither party can complain of a consent order, for the error in it, if there is any, is their own, and not the error of the court." *Chapin v Perrin*, 46 Mich 130, 131; 8 NW 721 (1881). The jurisdictional question, then, is whether respondent's voluntary release operates as a consent judgment that precludes her from being an "aggrieved party" under MCR 7.203(A).

This principle of non-appealability of consent judgments has been applied to a voluntary release of parental rights during child protective proceedings before. The DHHS cites *In re Sheridan*, unpublished per curiam opinion of the Court of Appeals, issued May 21, 2020 (Docket No. 351263), p 5, in which a panel of this Court held that a voluntary release of parental rights was "akin to a consent judgment" and concluded that the respondent was therefore not an aggrieved party. Respondent counters that *Sheridan* did not result in dismissal for lack of jurisdiction and relies on *In re Ferranti*, 504 Mich 1; 934 NW2d 610 (2019), to support her proposition that this Court may review defects in stipulations entered during the adjudication phase of neglect proceedings. But *Ferranti* addressed whether the collateral-bar rule precluded appellate review of a defect in the trial court's acceptance of the respondents' pleas to the statutory grounds for termination. *Id.* at 22-25. By contrast, this case concerns whether appellate jurisdiction exists to review an alleged defect in the acceptance of a voluntary release of parental rights. That distinction renders *Ferranti* inapposite and leaves unresolved whether a consent-based termination may be subject to appellate review when the validity of the underlying release is called into question.

Although several unpublished decisions of this Court have addressed whether a parent who voluntarily relinquishes their parental rights is an aggrieved party on appeal—with varying outcomes—no binding authority squarely resolves the issue. On one hand, in *In re Jackson/Jenkins/Jones*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 2018 (Docket Nos. 343224 and 344359), p 2, we held that a father who entered a no-contest plea in a termination of parental rights proceeding was an aggrieved party for purposes of challenging the validity of his plea on appeal.[2] On the other hand, there are other unpublished

---

[1] See, e.g., *Spires v Bergman*, 276 Mich App 432, 441-442; 741 NW2d 523 (2007); *Tevis v Amex Assurance Co*, 283 Mich App 76, 79-80; 770 NW2d 16 (2009); *In re Perry Trust*, 299 Mich App 525, 529; 831 NW2d 251 (2013); *Gleason v Kincaid*, 323 Mich App 308, 317 n 4; 917 NW2d 685 (2018); *Mich Alliance for Retired Americans v Secretary of State*, 334 Mich App 238, 249-250; 964 NW2d 816 (2020); *In re Farris/White*, 340 Mich App 619, 624-626; 987 NW2d 912 (2022); *1373 Moulin, LLC v Wolf*, 341 Mich App 652, 658; 992 NW2d 314 (2022).

[2] In a potentially related subset of unpublished cases, this Court has addressed the merits of appeals of right from termination orders predicated on releases of parental rights without addressing jurisdiction. See, e.g., *In re Story*, unpublished per curiam opinion of the Court of Appeals, issued February 10, 2025 (Docket No. 371991), pp 2-3; *In re Storm*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2019 (Docket No. 346592), pp 2-8; *In re Spencer*, unpublished per curiam opinion of the Court of Appeals, issued March 26, 2019 (Docket No. 344944), pp 1-3. Because "[c]ourts are bound to take notice of the limits of their authority,

cases, such as *Sheridan*, in which this Court concluded that a respondent who voluntarily released his or her parental rights was not an aggrieved party.[3]

We find the reasoning in *Jackson/Jenkins/Jones* more persuasive and conclude that, in a termination of parental rights proceeding, a respondent who released their parental rights is an aggrieved party under MCR 7.203(A) when challenging the validity of the release itself. As we explained in that case, "in a civil context, a party will not be bound to a consent judgment if it is clear that the litigant did not intend to consent to the decision." *Jackson/Jenkins/Jones*, unpub op at 2, citing *Ahrenberg Mech Contracting, Inc v Howlett*, 451 Mich 74; 545 NW2d 4 (1996).[4] In other words, even if an order terminating parental rights based on a release is analogous to a consent judgment, it does not necessarily follow that respondent is precluded from appealing from it. Because the termination here was based on a release respondent now claims was defective, we reject the DHHS's argument that the release deprives this Court of jurisdiction under MCR 7.203(A).

Having concluded that respondent is an aggrieved party and that this Court has jurisdiction over her appeal under MCR 7.203(A), we now turn to the merits of her arguments.

## B. RELEASE OF PARENTAL RIGHTS

Respondent contends that the trial court erred in accepting her release of parental rights because it was not knowing or voluntary. Respondent did not raise this issue at the trial court, so our review is limited to plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain

---

and a court may, and should, on its own motion, . . . recognize its lack of jurisdiction and act accordingly by . . . dismissing the action, or otherwise disposing thereof, at any stage of the proceedings," *In re Fraser's Estate*, 288 Mich 392, 394; 285 NW 1 (1939), the fact that the Court reached the merits in those cases arguably supports an inference that the respondents were considered aggrieved parties and that this Court had jurisdiction over those appeals.

[3] See also, e.g., *In re Moskowitz*, unpublished per curiam opinion of the Court of Appeals, issued April 15, 2021 (Docket Nos. 354772 and 354773), pp 11-12 (holding that the respondent, who had voluntarily released his parental rights and did not object to or move to set aside the trial court's finding that the release was knowing and voluntary, was not an aggrieved party); *In re Hendry/Streicher*, unpublished per curiam opinion of the Court of Appeals, issued July 24, 2018 (Docket No. 341864), pp 2-3 (same). In both *Moskowitz* and *Sheridan*, after concluding that the appellant was not an "aggrieved party," the Court nevertheless assumed arguendo that the appellant was aggrieved and proceeded to address the merits of the appeal.

[4] The same reasoning applies in the criminal context. As noted in *Jackson/Jenkins/Jones*, "even when criminal appeals from plea-based convictions were by right and subject to the 'aggrieved party' analysis of MCR 7.203(A), defendants, who had pleaded guilty, were still permitted to argue on appeal that their pleas were defective." Unpub op at 2, citing *People v Thew*, 201 Mich App 78; 506 NW2d 547 (1993).

error affected substantial rights." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 2 (citation omitted). An error affects substantial rights when it causes prejudice by affecting the outcome of the proceedings. *Id.*

Generally, to terminate parental rights, a trial court must find that a statutory ground for termination has been established by clear and convincing evidence and that termination is in the best interests of the children. *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). Thus, "[b]efore parental rights may be terminated under the juvenile code, the court must make findings of fact, state conclusions of law and identify the statutory basis for the order." *In re Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992). However, "a respondent can consent to termination of [her] parental rights under the juvenile code, in which case the judge need not announce a statutory basis for it." *Id.* To be valid, a release of parental rights must be knowing and voluntary. See *In re Burns*, 236 Mich App 291, 292; 599 NW2d 783 (1999).[5]

Here, the record supports the trial court's conclusion that respondent's release was valid. The release leaves little room for second-guessing: it expressly states that respondent made a considered decision that termination was in her children's best interests and that she did not contest it. At the adjudication trial, respondent confirmed that the release was "a correct statement." The trial court conducted a colloquy to ensure that respondent understood the consequences of the release, including that she would lose the ability to make decisions regarding her children's healthcare, education, or daily life, and that the children would be placed for adoption. Both respondent's counsel and lawyer-guardian ad litem confirmed that respondent knowingly and voluntarily executed the release and had the opportunity to consult with counsel about its impact. Respondent also requested a final goodbye visit with her children, which the court granted, and she was advised of her appellate rights.

Nothing in the record suggests that the release resulted from misunderstanding, intimidation, coercion, or deception. Instead, the record reflects that the release was the product of respondent's free, deliberate, and informed choice. A change of heart, however sincere, does not undo a knowing release. See *In re Curran*, 196 Mich App 380, 385; 493 NW2d 454 (1992) (holding that the "[p]etitioner was not entitled to revoke her release [of parental rights] solely on the basis of her change of heart" when the record established that the release was knowing and voluntary).

On appeal, respondent claims that her release was invalid because the trial court did not advise her of the rights set forth in MCR 3.971(B), which outlines admonitions a court must provide before accepting a plea of admission or no contest to statutory grounds for termination. However, those warnings apply when a respondent admits to statutory grounds at the *adjudication* phase of the proceedings. A voluntary release, by contrast, is a mechanism available at the *dispositional* phase, after the court has already assumed jurisdiction. As *Toler* makes clear, when a parent voluntarily releases his or her parental rights, "the judge need not announce a statutory

---

[5] *In re Burns* concerned a release of parental rights under the adoption code, MCL 710.21 *et seq.*, rather than the juvenile code at issue here. 236 Mich App at 291. Nonetheless, in light of a parent's fundamental right to the care and custody of his or her children, we see no principled distinction between proceedings under the adoption code and the juvenile code on this issue.

basis for it." *In re Toler*, 193 Mich App at 477. That distinction confirms that the procedural requirements of MCR 3.971(B) apply only to adjudicatory pleas and not to dispositional releases. Because respondent's release was not a plea, the trial court was not required to provide the MCR 3.971(B) advisements.

Even if the trial court had plainly erred in accepting respondent's release of parental rights, she would not be entitled to relief because she has not demonstrated prejudice. Respondent contends that she had viable defenses to termination, including employment, temporary housing in a motel, plans to relocate to South Carolina to be closer to her support system, cessation of marijuana use, and resolution of domestic violence issues. However, the petition sought termination under MCL 712A.19b(3)(g), and in her release, respondent acknowledged that she was "unable to provide a safe, stable, non-neglectful home environment for her child(ren), though financially able to do so, and w[ould] be unable to do so within a reasonable amount of time." That admission would have established a statutory ground for termination under MCL 712A.19b(3)(g). "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008) (citation omitted). Because only one statutory ground is required to support termination under MCL 712A.19b(3), *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016), and respondent conceded that termination was proper under Subsection (g), she cannot now establish prejudice from the trial court's reliance on her release.[6]

## C. STATUTORY GROUNDS AND BEST INTERESTS

Respondent also argues that the trial court erred by failing to make specific findings as to statutory grounds and best interests. However, the exception that opens the door to appellate review—our ability to assess the validity of the release—closes once the release is found valid. Because respondent's release was knowing and voluntary, it is binding, and she is not an "aggrieved party" under MCR 7.203(A) with respect to the trial court's failure to make further findings in support of a termination to which she consented. We therefore lack jurisdiction to entertain respondent's remaining claims.

Affirmed.

/s/ Matthew S. Ackerman
/s/ Michael F. Gadola
/s/ Randy J. Wallace

---

[6] The facts of this case are distinguishable from *In re Ferranti*, in which our Supreme Court held that the trial court erred by assuming jurisdiction based on the respondents' adjudicatory pleas without complying with MCR 3.971. Here, respondent voluntarily released her parental rights—an act that, as clarified in *Toler*, is distinct from a plea of admission to a statutory ground for termination. Moreover, respondent does not challenge the trial court's assumption of jurisdiction on appeal. For these reasons, *Ferranti* does not apply.