# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL SULAICA, JR.,

        Plaintiff-Appellant,

v

LESLIE ROMETTY, f/k/a LESLIE KUNKLER,

        Defendant-Appellee.

FOR PUBLICATION
December 18, 2014
9:10 a.m.

No.   321275; 322760
Oakland Circuit Court
LC No.   2002-672260-DC

Before: RIORDAN, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

In Docket No. 321275, plaintiff, Paul Sulaica, Jr., appeals as of right the trial court's order granting a motion filed by defendant, Leslie Rometty, to change the domicile of the parties' minor child from Michigan to Florida. Plaintiff also argues that the trial court erred in ordering him to pay $1,000 in attorney fees in connection with his filing of a motion to extend parenting time and for joint legal custody. In Docket No. 322760, plaintiff appeals as of right the trial court's order denying plaintiff's motion to enter a parenting time order and denying plaintiff's request for attorney fees. We affirm in part and reverse in part.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

These appeals arise from orders concerning the domicile, custody, and parenting time of the parties' minor child. The parties were never married. They resided together for the first one and one-half years of their child's life.

In October 2002, plaintiff filed a complaint for custody, which ultimately led to a December 9, 2003 consent judgment specifying custody, parenting time, and support. That consent judgment granted defendant sole legal custody and both parties joint physical custody of the child. Defendant's residence was named the "primary residence . . . for school purposes." The parties were both Michigan residents at the time. The consent judgment specified weekly parenting time for plaintiff, including alternate weekends, midweek overnights, and some holidays. The consent judgment further provided that "neither party may permanently move the minor child of the parties from the State of Michigan without the prior written consent and approval of the other party or without first obtaining the approval of the Court. . . ."

On February 5, 2014, defendant filed a motion to change the child's domicile to Florida. Defendant emphasized that she had sole legal custody and provided the child's primary

-1-

residence. Defendant also argued that plaintiff had "an extensive criminal history including felony convictions, as well as assaultive behavior toward [defendant], some of his children and previous girlfriends." Defendant claimed that she was the child's primary caregiver and had been offered more secure employment in Florida as a sonographer, which would pay her $75,000, annually ($31,000 more than she made in her present position in Michigan). Defendant stated that she had located suitable schooling for the child and that she would continue to encourage a relationship between plaintiff and the child. Defendant argued that because she was the sole legal custodian, it was unnecessary to analyze the best interests factors set forth in MCL 722.31(4).

On February 11, 2014, plaintiff filed a response to defendant's motion, arguing that there was an established custodial environment with both parties and that defendant had not shown proper cause or a change in circumstances warranting a change to the established custodial environment. On that same day, plaintiff filed a motion for joint legal custody.

On February 12, 2014, the trial court held a hearing on defendant's motion to change domicile. The trial court noted that there was an open investigation by Child Protective Services (CPS) concerning conduct by defendant's husband and stated its intent to withhold ruling on defendant's motion until the investigation was completed.[1] The trial court asked for argument, however, on the state of the law as it related to a party with sole legal custody seeking to change domicile. Plaintiff argued that defendant sought to change an established custodial environment and, therefore, that a best interests hearing was required. Plaintiff cited as support *Brown v Loveman*, 260 Mich App 576; 680 NW2d 432 (2004). The trial court stated its inclination to rule that defendant's sole legal custody would allow defendant to change the child's domicile without such detailed inquiry.

On February 19, 2014, plaintiff filed a motion for extended parenting time and joint legal custody. He again argued that there was an established custodial environment with both parties. Plaintiff contended that it was in the child's best interests to grant him joint legal custody or, at least, extended parenting time. Defendant filed a response to plaintiff's motion, arguing, in part, that it was frivolous and seeking attorney fees incurred in responding.

On February 26, 2014, the trial court held a second hearing on defendant's motion to change domicile. The CPS investigation into defendant's husband was complete with the allegations unsubstantiated. The trial court stated that it had reviewed defendant's motion to change domicile as well as plaintiff's motion to change custody and parenting time and closely reviewed the case file. The trial court took testimony from defendant regarding the new job that she intended to take in Florida and her increased salary and job stability. The trial court stated that it found defendant's testimony credible and ruled: "it's appropriate in light of the fact that [defendant] has sole legal custody for the Court to allow this move, to her permission to do that." The trial court also denied plaintiff's motions regarding parenting time and joint legal custody and referred the issue of parenting time to the Friend of the Court for analysis and a recommendation. The trial court stated its belief that plaintiff was "playing games" in

---

[1] The CPS report appears to have been initiated by plaintiff on February 6, 2014.

connection with his filing of his motions and ordered plaintiff to pay defendant $1,000 in attorney fees. The trial court denied plaintiff's subsequent motion for reconsideration.

On April 9, 2014, the Friend of the Court issued its parenting time recommendation. It recommended, in light of defendant's planned move to Florida, that plaintiff be granted the following parenting time:

1. Six weeks during the summer vacation from school, starting two weeks after school is out for the summer.

2. Every spring break, for a period of seven days.

3. Every mid-winter break, if applicable.

4. Every other Thanksgiving break, from the day school is out until the day before school begins. The father would have odd years and the mother would have even years.

5. Christmas break every year, as follows: in even years, he would have the child the day after school is out until the day before school begins. In odd years, he would have the child from December 26 until the day before school begins. This allows for the Christmas Eve/Christmas Day holiday to be alternated.

6. The mother would provide or pay for transportation for the summer, Christmas and spring break visits. The father would pay for the mid winter and Thanksgiving breaks.

7. If the father travels to Florida, he is entitled to parenting time with a one-week notice.

On April 30, 2014, defendant filed objections to the Friend of the Court recommendation, arguing that the parenting time provided to plaintiff was excessive. Plaintiff filed a response to defendant's objections and included a request for attorney fees and costs, claiming that he was unable to afford the costs and attorney fees incurred in responding to defendant's objections.

On May 15, 2014, plaintiff filed a motion for entry of the Friend of the Court recommendation, with the modification that he be granted parenting time for full summers. Plaintiff included argument that defendant was not complying with prior parenting time requirements.

On June 6, 2014, the trial court entered a parenting time order without holding a hearing. The trial court adopted the Friend of the Court recommendation, with modification. It ordered that the recommendation in paragraph 5 be revised to state: "In odd years, [plaintiff] would have the child from December 27 until the day before school begins." The trial court struck the recommendation in paragraph 7 regarding parenting time if plaintiff traveled to Florida. Plaintiff filed a motion for reconsideration, which the trial court denied. The trial court also stated that it was denying plaintiff's request for attorney fees related to entry of the parenting time order.

Plaintiff filed the present appeals and, on August 19, 2014, a panel of this Court entered an order of consolidation. *Sulaica v Rometty*, unpublished order of the Court of Appeals, entered August 19, 2014 (Docket Nos. 321275 and 322760).

## II. JURISDICTION

As an initial matter, we address and reject defendant's contention that this Court lacks jurisdiction over these appeals with regard to the orders addressing custody and change of domicile.[2] Defendant argues in both appeals that the orders appealed from are not final orders that are appealable as of right. "Whether this Court has jurisdiction to hear an appeal is an issue that we review de novo." *Rains v Rains*, 301 Mich App 313, 320; 836 NW2d 709 (2013) (citation and quotation omitted). This Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . ." MCR 7.203(A)(1). In a domestic relations action, "final judgment" or "final order" means "a postjudgment order affecting the custody of a minor[.]" MCR 7.202(6)(a)(iii). An order need not change custody to be a final order. Indeed, this Court has held that the term "affects" as is used in regard to child custody orders includes a broad class of orders. *Wardell v Hincka*, 297 Mich App 127, 132-133; 822 NW2d 278 (2012) (explaining that "a decision regarding the custody of a minor is of the utmost importance regardless of whether the decision changes the custody situation or keeps it as is."). In *Wardell*, we held that an order denying a motion for a change of custody is appealable as of right. *Id*. at 133. We have also held that where "a change in domicile will substantially reduce the time a parent spends with a child, it would potentially cause a change in the established custodial environment," such that the denial of a motion for a change in domicile is a final order appealable as of right. *Rains*, 301 Mich App at 323-324. See also *Thurston v Escamilla*, 469 Mich 1009; 677 NW2d 28 (2004). In this case, the trial court's orders affected the child's domicile and substantially reduced the amount of time plaintiff can spend with the child as a result of the child's move from Michigan to Florida. Accordingly, we find that both of the orders from which plaintiff appeals were orders "affecting the custody of a minor" and that they are appealable as of right. See *Rains*, 301 Mich App at 324; *Wardell*, 297 Mich App at 131-132.

## III. DOCKET NO. 321275

### A. CHANGE OF DOMICILE

On appeal, plaintiff first argues that the child had an established custodial environment with both parents and defendant was obligated to show proper cause or a change of circumstances that established that the modification of the environment via the move to Florida was in the child's best interests. This Court agrees that the trial court focused too narrowly on

---

[2] Defendant does not separately challenge this Court's jurisdiction with respect to plaintiff's issues on appeal concerning attorney fees. The orders regarding attorney fees are final orders appealable as of right. See MCR 7.202(6)(a)(iv) (including in the definition of "final order" "a postjudgment order awarding or denying attorney fees and costs under MCR 2.403, 2.405, 2.625 or other law or court rule[.]").

whether the 100-mile rule, MCL 722.31, applied and failed to analyze the requested move in the context of whether it constituted a change to an established custodial environment, which would warrant closer scrutiny.

This Court reviews for an abuse of discretion a trial court's ultimate decision whether to grant a motion for change of domicile. *Rains*, 301 Mich App at 324. In this context, an abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. *Id.*, citing *Brown*, 260 Mich App at 600-601. In the child custody context, questions of law are reviewed for clear legal error. A trial court commits legal error when it incorrectly chooses, interprets or applies the law. *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994); *Sturgis v Sturgis*, 302 Mich App 706, 710; 840 NW2d 408 (2013).

The trial court decided the issue of domicile based only on defendant's status as the party with sole legal custody of the child. The trial court looked to the 100-mile rule, MCL 722.31, concerning the change in a child's legal residence. That rule provides, in pertinent part:

(1) A child whose parental custody is governed by court order has, for the purposes of this section, a legal residence with each parent. Except as otherwise provided in this section, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.

(2) A parent's change of a child's legal residence is not restricted by subsection (1) if the other parent consents to, or if the court, after complying with subsection (4), permits, the residence change. This section does not apply if the order governing the child's custody grants sole legal custody to 1 of the child's parents.

\* \* \*

(4) Before permitting a legal residence change otherwise restricted by subsection (1), the court shall consider each of the following factors, with the child as the primary focus in the court's deliberations:

(a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.

(b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.

(c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental

-5-

relationship between the child and each parent; and whether each parent is likely to comply with the modification.

(d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.

(e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child. [MCL 722.31(1), (2), and (4).]

The trial court properly relied on subsection (2) in reasoning that – because defendant had sole legal custody of the child – it need not analyze the factors set forth in subsection (4). *Brecht v Hendry*, 297 Mich App 732, 743; 825 NW2d 110 (2012); *Brausch v Brausch*, 283 Mich App 339, 349-350; 770 NW2d 77 (2009); *Spires v Bergman*, 276 Mich App 432, 439-440; 741 NW2d 523 (2007). But that should not have ended the inquiry.

MCL 722.27 prohibits any change to an established custodial environment unless the change is shown by clear and convincing evidence to be in the child's best interests.

(1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:

* * *

(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age and, subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, until the child reaches 19 years and 6 months of age. *The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.*[3] The custodial environment of a child is established if over an

---

[3] The best interests factors are set forth in MCL 722.23, which states:

As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted

appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. If a motion for change of custody is filed during the time a parent is in active military duty, the court shall not enter an order modifying or amending a previous judgment or order, or issue a new order, that changes the child's placement that existed on the date the parent was called to active military duty, except the court may enter a temporary custody order if there is clear and convincing evidence that it is in the best interest of the child. Upon a parent's return from active military duty, the court shall reinstate the custody order in effect immediately preceding that period of active military duty. If a motion for change of custody is filed after a parent returns from active military duty, the court shall not consider a parent's absence due to that military duty in a best interest of the child determination. [MCL 722.27(1)(c) (emphasis added).]

Therefore, the question is whether changing the child's domicile to Florida constituted a change in an established custodial environment warranting the scrutiny required under MCL 722.27(1)(c). The trial court should have analyzed this question. It is true that *Brecht*, *Brausch*, and *Spires*, held that, when the party seeking to change domicile has sole legal custody, the trial court has discretion to decide the change in domicile without considering the factors set forth in MCL 722.31(4). *Brecht*, 297 Mich App at 743; *Brausch*, 283 Mich App at 352-353; *Spires*, 276 Mich App at 438-439. A plain reading of MCL 722.31(2) requires that conclusion. But none of those cases involved parties with joint physical custody. See *Brecht*, 297 Mich App at 734, *Brausch*, 283 Mich App at 342-343, and *Spires*, 276 Mich App at 434 (in each, the party who sought to change domicile had sole legal and physical custody). The absence of joint physical custody is an important distinction, which the panel in *Spires* recognized when it cited to *Brown*:

under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(l) Any other factor considered by the court to be relevant to a particular child custody dispute.

Only when the parents share joint physical custody and the proposed change of domicile would also constitute a change in the child's established custodial environment is it also necessary to evaluate whether the change of domicile would be in the child's best interest. [*Brown*, 260 Mich App at 598 n 7.] This concern is not present in the case at bar because plaintiff had sole legal and physical custody. [*Spires*, 276 Mich App at 437 n 1.]

In *Brown*, 260 Mich App at 578-579, the parties shared physical custody of their minor daughter. The defendant sought court approval to remove the child from Michigan. Neither party had sole legal custody of the child and, therefore, the trial court applied the MCL 722.31(4) factors and granted the defendant permission to move the child out of state. *Id*. at 590-591. On appeal, the *Brown* panel considered whether the trial court should have more closely scrutinized the move in the context of its affect on the child's established custodial environment. The panel reasoned that MCL 722.31 and MCL 722.27 have common purposes and should be applied in tandem. *Id*. at 593. The *Brown* panel held that a trial court must make the inquiry required under MCL 722.27 where a change in domicile effectively changes an established custodial environment of a minor, explaining:

> It would be illogical and against the intent of the Legislature to apply MCL 722.31 without considering the best interests of the minor child, if the change in legal residence would effectively change the established custodial environment of the minor. *Ansell* [*v Dep't of Commerce (On Remand)*, 222 Mich App 347, 355; 564 NW2d 519 (1997)]. Otherwise, where parents have joint physical custody and one party seeks to change the legal residence of the child (which would effectively change the established custodial environment), the party would only be subject to the lesser preponderance of the evidence burden required by MCL 722.31. The Legislature could not have intended MCL 722.27 and MCL 722.31 to be applied completely independently of each other where the result would allow a party seeking to change domicile (and in effect change the established custodial environment) to circumvent its burden of proof by clear and convincing evidence that the change is in the child's best interest.[4] [*Id*. at 594-595.]

The panel in *Brown* ultimately remanded the case to the trial court to conduct an evidentiary hearing in order to determine whether the defendant could prove by clear and convincing evidence that the proposed change of domicile was in the child's best interests. *Id*. at 598.

Because the parties to the present case had joint physical custody, the trial court should have engaged in the additional analysis of whether the proposed change in domicile had the

---

[4] The *Brown* court deemed "illogical" the idea that a parent could circumvent the requirements of MCL 722.27(1)(c) and effectively change a child's established custodial environment by simply satisfying the lesser preponderance of the evidence burden necessary to change domicile under MCL 722.31(4). It would be equally illogical, if not more so, to let a party with sole legal custody skip that step too under MCL 722.31(2) and change custody with no proofs whatsoever; it would turn a person's sole legal custody status into a trump card.

effect of changing an established custodial environment. See *id.* See also *Gagnon v Glowacki*, 295 Mich App 557, 570; 815 NW2d 557 (2012) (emphasis added) ("After granting a change of domicile, *the trial court must determine whether there will be a change in the established custodial environment* and, if so, determine whether the relocating parent can prove, by clear and convincing evidence, that the change is in the child's best interest."); *Rittershaus v Rittershaus*, 273 Mich App 462, 470; 730 NW2d 262 (2007) (holding that the trial court erred in failing to determine whether granting the plaintiff's motion for a change of domicile would have changed the child's established custodial environment).[5] The trial court's failure to properly apply the law constituted clear legal error. *Fletcher*, 447 Mich at 881.

For several years leading up to defendant's motion to change domicile, plaintiff had significant parenting time, including weekly overnights and overnights on alternating weekends, along with some holidays. Plaintiff argued before the trial court that there was an established custodial environment with both parties and that *Brown* required the trial court to engage in a factual analysis to determine the effect of the change of domicile on that environment. The trial court, however, allowed little factual development. It briefly questioned defendant before granting the motion to change domicile, but it did not examine whether an established custodial environment existed and, if so, with whom.

Whether an established custodial environment exists is a question of fact. *Brausch*, 283 Mich App at 356 n 7. A custodial environment is established if:

> over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [MCL 722.27(1)(c).]

An established custodial environment is one of significant duration, both physical and psychological, in which the relationship between the custodian and child is marked by security, stability and permanence. *Berger v Berger*, 277 Mich App 700, 706; 747 NW2d 336 (2008).

"[A] trial court's clear legal error would generally require remand for further consideration under the proper legal framework" unless the error is harmless. *Rains*, 301 Mich App at 331. See also *Kubicki v Sharpe*, __ Mich App __; __ NW2d __ (Docket No. 317614, issued August 28, 2014), slip op at 9; *Brausch*, 283 Mich App at 356 n 7 ("When a trial court fails to make a finding regarding the existence of a custodial environment, this Court will

---

[5] We note that neither *Gagnon* nor *Rittershaus* addressed the precise issue in this case, i.e., whether the trial court must consider the child's established custodial environment in a situation where a parent has sole legal custody and therefore is not required to satisfy the factors set forth in MCL 722.31(4); however, given the analysis of MCL 722.31 and MCL 722.27 set forth above, and that the "touchstone" of the trial court's analysis in custody decisions is to be the child's best interest, see *Kubicki v Sharpe*, __ Mich App __; __ NW2d __ (Docket No. 317614, issued August 28, 2014), slip op at 10, we find that the cases support our analysis.

generally remand for such a finding unless sufficient information exists in the record for this Court to make a de novo determination of this issue."). Based on the record before us, we are unable to conclude that the error was harmless and we remand with instruction that the trial court examine the question of whether an established custodial environment existed. We find that the four-step process outlined in *Rains*, 301 Mich App at 325, is applicable and instructive in this instance, save for the first step which deals with the factors set forth in MCL 722.31(4), as defendant in this case was not required to satisfy those factors. That process provides:

> First, a trial court must determine whether the moving party has established by a preponderance of the evidence that the factors enumerated in MCL 722.31(4), the so-called *D'Onofrio*[6] factors, support a motion for a change of domicile. Second, if the factors support a change in domicile, then the trial court must then determine whether an established custodial environment exists. Third, if an established custodial environment exists, the trial court must then determine whether the change of domicile would modify or alter that established custodial environment. Finally, if, and only if, the trial court finds that a change of domicile would modify or alter the child's established custodial environment must the trial court determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence. [*Id.*]

Here, insofar as the trial court finds an established custodial environment with plaintiff, the trial court should further consider whether defendant's move to Florida represented a change to that environment. In the event that the move is found to constitute a change to an established custodial environment, MCL 722.27(1)(c) would compel defendant to demonstrate clear and convincing evidence that the move was in the child's best interests with careful analysis of the factors set forth in MCL 722.23.

## B. TRIAL COURT'S AWARD OF ATTORNEY FEES

Plaintiff next argues that the trial court erred in ordering him to pay $1,000 in attorney fees based on his filing of his motion for extended parenting time and joint custody. We agree.[7]

---

[6] *D'Onofrio v D'Onofrio*, 144 N J Super 200, 206-207; 365 A 2d 27 (1976).

[7] The trial court did not expressly state the authority pursuant to which it granted attorney fees. Nevertheless, the trial court indicated that it found plaintiff's motions to extend parenting time and for joint custody were meant as a "roadblock" to defendant's motion to change domicile, that plaintiff's motions were "baseless," and that plaintiff was "playing games." Defendant requested fees, contending that plaintiff's motions were "frivolous." Given this context, it is apparent that the trial court granted attorney fees because it found that plaintiff's motions were frivolous or intended to delay the proceedings. See MCL 600.2591, MCR 2.114(E), and MCR 2.625(A)(2) (authorizing an award of attorney fees for frivolous actions or pleadings or for actions or pleadings filed for the purpose of unnecessary delay). As discussed *infra*, this determination was premised on the trial court's erroneous interpretation of the law.

The findings of fact underlying an award of attorney fees are reviewed for clear error, *Brown v Home Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012), while underlying questions of law are reviewed de novo, *Loutts v Loutts*, 298 Mich App 21, 24; 826 NW2d 152 (2012), and the decision whether to award attorney fees and the determination of the reasonableness of the fees are within the trial court's discretion and will be reviewed on appeal for an abuse of discretion, *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008); *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).

The trial court appeared to conclude that plaintiff's motions to change parenting time and for joint legal custody were frivolous and, therefore, awarded fees. As discussed, the trial court erred in failing to analyze the existence of an established custodial environment and, insofar as the change in domicile affected such an environment, whether the move was in the child's best interests. *Brown*, 260 Mich App at 598. That is part of the relief that plaintiff was seeking through his motion for extended parenting time and joint legal custody. The trial court's fee order was the result of its erroneous interpretation of the law controlling the domicile issue and is, therefore, reversed. See *Loutts*, 298 Mich App at 24.

In reaching this conclusion, we reject defendant's contention that plaintiff waived any potential objection to the trial court's award of attorney fees by approving "as to content and form" the trial court's order granting fees. Defendant contends that plaintiff's approval as to "content and form" was the equivalent of the parties entering into a consent decree that cannot be challenged on appeal. Our Supreme Court has recognized that, although previous case law held that approving an order as to "form and content," could be viewed as waiver of the ability to challenge the order, the "better rule," which the Court adopted, cautioned against finding waiver simply where an order was approved as to form and content. *Ahrenberg Mech Contracting, Inc v Howlett*, 451 Mich 74, 77; 545 NW2d 4 (1996). Rather than amounting to waiver, the Court explained that an attorney's approval of an order as to "form and substance" or "form and content" should be, under certain circumstances, viewed "but only as recognition that the proposed decree was legally formulated, and contained in substance the decision as orally announced by the court." *Id.* at 77 (citation and quotation omitted). In *Ahrenberg*, there was no evidence of negotiations indicating that the parties were looking to compromise or otherwise surrender rights. *Id.* at 78. In addition, the fact that the defendant vigorously challenged the trial court's ruling—both before and after entry of the order—demonstrated that the approval of the order as to "form and content" was not a waiver, but rather an acknowledgement that the prepared order contained the substance of the trial court's decision. *Id.* at 78.

Similarly, in this case, there is no indication that the parties stipulated to an outcome regarding the attorney fees. Plaintiff's counsel's comments at oral argument show that she challenged the trial court's decision to award fees; plaintiff subsequently moved for rehearing and continued to challenge those fees on appeal. There is nothing to suggest that plaintiff's counsel's approval of the order at issue as to "content and form" illustrated counsel's intent to enter into a consent order; rather, as in *Ahrenberg*, it merely appears that plaintiff's counsel acknowledged that the prepared order contained the substance of the trial court's oral ruling. See *id.*

## IV. DOCKET NO. 322760

### A. PARENTING TIME

Plaintiff next argues that the trial court erred in denying his request to extend parenting time without allowing factual development concerning changes to the established custodial environment. As discussed, the trial court erred in failing to engage in a more detailed analysis of whether an established custodial environment existed and whether the defendant's planned move to Florida constituted a change to that environment that was in the child's best interests. *Brown*, 260 Mich App at 598. The trial court's decision to grant defendant's motion to change domicile necessarily affected its ruling on plaintiff's later motion to extend parenting time because the trial court analyzed parenting time in the context of what was appropriate given defendant's move to Florida. Because the determination of proper parenting time depends on the outcome of the trial court's resolution of the custodial environment and best interests issues on remand, the June 6, 2014 parenting time order is also reversed.

### B. PLAINTIFF'S REQUEST FOR ATTORNEY FEES

Finally, plaintiff argues that the trial court erred in denying his request for attorney fees. He contends that, pursuant to MCR 3.206(C), he was entitled to his attorney fees incurred in responding to defendant's objections to the FOC's recommendations because he was unable to afford such fees. We review for an abuse of discretion the trial court's denial of plaintiff's request for fees. *Ewald v Ewald*, 292 Mich App 706, 724; 810 NW2d 396 (2011). "The trial court abuses its discretion when its decision results in an outcome that falls outside the range of reasonable and principled outcomes." *Id.* at 725.

Pursuant to MCR 3.206(C):

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that

    (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

    (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

"Attorney fees are not awarded as a matter of right but only when necessary to enable a party to carry on or defend the litigation." *Spooner v Spooner*, 175 Mich App 169, 174; 437 NW2d 346 (1989). "The party requesting the attorney fees has the burden of showing facts sufficient to justify the award." *Woodington v Shokoohi*, 288 Mich App 352, 370; 792 NW2d 63 (2010). This burden includes the burden to provide evidence of the attorney fees that were incurred. *McIntosh v McIntosh*, 282 Mich App 471, 483; 768 NW2d 325 (2009). ("The party

-12-

requesting attorney fees must show that the attorney fees were incurred and that they were reasonable."). A party cannot rely on unsubstantiated assertions when requesting attorney fees under MCR 3.206(C). *Smith v Smith*, 278 Mich App 198, 208; 748 NW2d 258 (2008).

On the record presented, we find that the trial court's decision was not outside the range of reasonable and principled outcomes. See *Ewald*, 292 Mich App at 725. Despite requesting attorney fees, plaintiff alleged, only generally, that he was unable to afford attorney fees. As such, plaintiff "has not alleged sufficient facts to demonstrate that plaintiff would be unable to bear the expense of this action without aid." *Spooner*, 175 Mich App at 174. Concerning plaintiff's contention that the trial court was required to hold a hearing, we find his claim to be meritless. See MCR 2.119(E)(3); *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709; 609 NW2d 607 (2000).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Mark T. Boonstra