# STATE OF MICHIGAN

# COURT OF APPEALS

KARISTA EADS, also known as KARISTA
SMITH,

        Plaintiff-Appellee,

v

WALTER SCOTT,

        Defendant-Appellant.

UNPUBLISHED
February 28, 2017

No.  333949
Ogemaw Circuit Court
LC No.  12-658589-DS

Before:  HOEKSTRA, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right the trial court order granting plaintiff's motion for a change of domicile and denying defendant's motion to change custody.  We vacate the trial court's order and remand for proceedings consistent with this opinion.

## I.  FACTUAL BACKGROUND

In September 2012, the trial court entered a consent judgment of support, under which it granted the parties joint legal custody, granted plaintiff sole physical custody, and ordered the parties to develop their own parenting time schedule.  The judgment also stated:

> A parent of a child whose custody is governed by [c]ourt order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued, except in compliance with . . . MCL 722.31.

When the judgment was entered, the parties lived approximately 10 miles apart.  For the next three years, defendant exercised parenting time with the child while plaintiff was at work.  Because both parties' jobs involved irregular work hours, defendant cared for the child Wednesday through Saturday each week, beginning at some point in the afternoon each day until 2:00 or 3:00 a.m.

In 2014, plaintiff completed a nursing degree and secured a job in Warren, Michigan.  After accepting the position, she got married and had been staying part-time in Flat Rock, Michigan, where her husband lived.  However, Flat Rock was more than 100 miles away from her former residence.  Defendant preemptively filed a motion requesting that the trial court

-1-

enjoin plaintiff from changing the child's domicile, or, alternatively, modify the existing custody and support order. Subsequently, plaintiff filed a motion seeking to change the child's domicile.

After the parties submitted additional filings, a referee held an initial hearing and recommended that the trial court deny plaintiff's motion because the proposed move was not in the child's best interests. Plaintiff filed an objection to the referee's recommendation and proposed order, and the trial court held a full evidentiary hearing on the objection.

Following the hearing, the trial court declined to adopt the referee's recommendation. The court first found that there was an established custodial environment with both parents. It then stated that, based on this finding, "in order to move, there has to be clear and convincing evidence." It also stated, "There is a change of circumstances, because one parent wants to move and that's a change of circumstances, so I can address the move and I can address the custody issue."

Next, the court found that (1) plaintiff was not moving to frustrate defendant's parenting time or relationship with the child; (2) it was possible to modify the parenting time schedule in a way that would preserve and foster the child's relationship with each parent, and it was likely that both parents would comply with such a modification; (3) defendant's opposition to the move was not motivated by a desire to obtain a financial advantage with regard to a support obligation; (4) there was not enough evidence regarding domestic violence to consider that factor in determining whether the change in domicile was permissible; and (5) the change in domicile had the capacity of improving the child's and plaintiff's quality of life. Accordingly, the court found "by clear and convincing evidence that there are statutory grounds . . . to allow [plaintiff] to change her legal residence at this point."

The court then stated, "So, now I have to decide where custody is," noting, before considering the best-interest factors, that (1) sole physical custody previously had been granted to plaintiff, (2) there was an established custodial environment with both parents, and (3) there had been a change in circumstances. The court found that nearly all of the best-interest factors were equal. It did note, however, that plaintiff encouraged the child's religious involvement, while defendant did not, and that plaintiff was slightly more involved with the child's education. It further noted that the child had a close relationship with a sibling in plaintiff's household, and that plaintiff would be able to spend more time with the child in light of the parties' work schedules. After reiterating that it had "so little to go on in where this child goes," and that it had "to look at the very small minute things to be in the best interest of the child," the court found that "it is, by clear and convincing evidence, in the best interest of the child, given the child's relationship with the other children with [plaintiff], that the child continues in the physical custody of [plaintiff] at this time." The court then ordered that defendant be afforded parenting time during the first three weekends of every month, with some exceptions, and every other week during the summer, along with "a standard holiday parenting time schedule."

Defendant moved for reconsideration, arguing that the trial court employed an erroneous procedure as it considered plaintiff's motion to change domicile and defendant's motion to change custody—placing the burden of proof on the wrong party at certain points in its analysis—and that the court erred in granting plaintiff's motion to change domicile because she

failed to meet the applicable burdens of proof. The trial court disagreed and denied defendant's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

Under MCL 722.28, in child custody disputes, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." Accordingly, this Court reviews for an abuse of discretion a trial court's decision on whether to grant a motion for change of domicile and its decision on whether to change custody. *Fletcher v Fletcher*, 447 Mich 871, 879-880; 526 NW2d 889 (1994); *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014). "In this context, an abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Sulaica*, 308 Mich App at 577; see also *Fletcher*, 447 Mich at 879-880.

"In the child custody context, questions of law are reviewed for clear legal error. A trial court commits legal error when it incorrectly chooses, interprets, or applies the law." *Sulaica*, 308 Mich App at 577; see also *Fletcher*, 447 Mich at 876-877. The trial court's findings of fact are reviewed under the great weight of the evidence standard. *Fletcher*, 447 Mich at 878-879; *Rains v Rains*, 301 Mich App 313, 324; 836 NW2d 709 (2013). "This Court may not substitute [its] judgment on questions of fact unless the facts clearly preponderate in the opposite direction. However, where a trial court's findings of fact may have been influenced by an incorrect view of the law, our review is not limited to clear error." *Rains*, 301 Mich App at 324-325 (quotation marks and citations omitted; alteration in original).

## III. ANALYSIS

Defendant argues that the trial court erroneously placed the burden of proof on him in this case, as plaintiff should have carried the burden to prove that the change in domicile was in the child's best interests given the fact that the move would change the child's established custodial environment. We agree that the trial court failed to apply the correct legal framework to plaintiff's motion seeking permission to change the child's domicile and prematurely considered defendant's motion to change custody.

In *Rains*, 301 Mich App at 325, this Court "reiterate[d] the correct process that a trial court must use when deciding a motion for change of domicile":

> A motion for a change of domicile essentially requires a four-step approach. First, a trial court must determine whether the moving party has established by a preponderance of the evidence that the factors enumerated in MCL 722.31(4), the so-called *D'Onofrio*[3] factors, support a motion for a change of domicile. Second, if the factors support a change in domicile, then the trial court must then determine whether an established custodial environment exists. Third, if an established custodial environment exists, the trial court must then determine whether the change of domicile would modify or alter that established custodial environment. Finally, if, and only if, the trial court finds that a change

of domicile would modify or alter the child's established custodial environment must the trial court determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence.[1]

---

[3] *D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (1976).

---

Here, the trial court *first* determined that the child had an established custodial environment with both parents, concluding that, as a result, "there has to be clear and convincing evidence." The court then considered each of the factors under MCL 722.31(4) and, taken together, concluded that there was clear and convincing evidence that supported a change in domicile under MCL 722.31(4). In so ruling, the trial court held plaintiff to a higher standard than that required by law. See *Rains*, 301 Mich App at 325-326. Nevertheless, by holding

---

[1] We note that both parties briefly address whether the four-step *Rains* analysis is applicable to this case given the prior order awarding plaintiff sole physical custody of the child and the parties' division of parenting time with the child when the motions were decided. We conclude that *Rains* is applicable. *Rains* involved parties with joint physical custody of the child in question, *Rains*, 301 Mich App at 315, but its articulation of the proper legal framework focuses on whether an established custodial environment will be altered by the change of domicile, *id.* at 325-330, not whether the parties have sole or joint physical custody. The way in which the four-step analysis is framed indicates that it is generally applicable in change of domicile cases, and other panels of this Court have used the same analysis in cases, albeit unpublished opinions, where one parent has sole physical custody.

It is true that this Court stated in *Brown v Loveman*, 260 Mich App 576, 598 n 7; 680 NW2d 432 (2004)—and in cases issued after *Brown*, see, e.g., *Spires v Bergman*, 276 Mich App 432, 437 n 1; 741 NW2d 523 (2007), and *Sulaica v Rometty*, 308 Mich App 568, 581-583; 866 NW2d 838 (2014)—that it is "[o]nly when the parents share joint physical custody" that a best-interest analysis must be completed. However, it is clear from the context of those cases (1) that the Court was drawing a distinction from cases involving a parent that had sole legal and physical custody, or from cases where the change in domicile did not alter the established custodial environment, and (2) that the Court still recognized, as in *Rains*, that a best-interest analysis is required whenever a change in domicile will alter the child's established custodial environment. See *Brown*, Mich App at 588-598, 600, 605; *Sulaica*, 308 Mich App at 579, 581, 583-584; *Spires*, 276 Mich App at 437, n 1. Notably, *Brown*, consistent with the framework in *Rains*, indicated that MCL 722.27 and MCL 722.31 must be applied together, stating, "The Legislature could not have intended MCL 722.27 and MCL 722.31 to be applied completely independently of each other where the result would allow a party seeking to change domicile (and in effect change the established custodial environment) to circumvent its burden of proof by clear and convincing evidence that the change is in the child's best interest." Compare *Brown*, 260 Mich App at 594-595, with *Rains*, 301 Mich App at 325, 328.

Accordingly, we conclude that the four-step analysis in *Rains* is applicable in this case.

plaintiff to that standard, the court necessarily required plaintiff to also meet the lower preponderance-of-the-evidence standard. Thus, the first step under the *Rains* framework was satisfied, and the second step was technically satisfied, albeit out of order. See *id*. at 325-327.

However, the trial court's analysis of the change in domicile issue stopped there. Instead, it concluded that it was appropriate at that time to address defendant's motion for a change in custody and noted that it had already determined that there was a change in circumstances and that there was an established custodial environment with both parents. It then proceeded to consider the best interest factors under MCL 722.23 in order to determine whether *a change in custody was warranted*, not whether a change in domicile was in the best interests of the child. See *Rains*, 301 Mich App at 325.

Accordingly, it is clear that the trial court misunderstood, and failed to apply, the legal framework that applies in change of domicile cases for the following reasons: (1) it applied an incorrect standard when it analyzed the factors under MCL 722.31(4); (2) it considered whether an established custodial environment existed *before* deciding whether the change in domicile was appropriate, see *Rains*, 301 Mich App at 327 ("It is only *after* the trial court determines that the moving party has shown by a preponderance of the evidence that a change of domicile is warranted that the trial court must determine whether an established custodial environment exists."); (3) it never made a finding as to whether the change in domicile would change the child's established custodial environment; and (4) it never determined "whether *the change in domicile* would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence," *Rains*, 301 Mich App at 325 (emphasis added); see also *id*. at 328 ("If the trial court concludes that a change in an established custodial environment would occur, then the party requesting the change of domicile must prove by clear and convincing evidence *that the change* is in the child's best interest.") (emphasis added).

In response to defendant's motion for reconsideration, the court recognized that plaintiff carried the burden of establishing that the change in domicile was appropriate, and the court explained that it only placed the burden on defendant when it considered the second (change in custody) motion—*i.e.*, after it had already decided plaintiff's motion for change of domicile. However, the court failed to recognize that it never completed the proper analysis for deciding a motion for change of domicile, as explained in *Rains*, before it commenced its consideration of defendant's motion to change custody. As a result, it placed the burden on the wrong party by only considering the best interest factors in the context of defendant's motion to change custody and failing to consider the best interest factors—with the burden placed on plaintiff—in the context of plaintiff's motion to change the child's domicile. *Rains*, 301 Mich App at 328; see also *Sulaica*, 308 Mich App at 585-586.

Therefore, because the trial court committed clear legal error by failing to follow the correct framework, and because we are unable to discern, from the trial court's findings and conclusions, how the court would have decided this case under the proper framework, remand is appropriate for a proper consideration of the parties' motions. See *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994) ("[I]n accord with *Dempsy v Dempsy*, 409 Mich 495; 296 NW2d 813 (1980), we hold that upon a finding of error, appellate courts should remand to the trial court unless the error was harmless."); *Brown*, 260 Mich App at 598. Cf. *Rains*, 301 Mich

App at 329-330 (also finding that the trial court committed clear legal error when it failed to apply the correct legal framework, but concluding that a remand was unnecessary under the circumstances of that case.); *Sulaica*, 308 Mich App at 585-586. While it is possible that a similar error could be deemed harmless under other circumstances, cf. *Rains*, 301 Mich App at 329-331, we are hesitant to assume from the lower court record in this case that the trial court would have determined that plaintiff established, by clear and convincing evidence, that the move was in the child's best interests, especially given the trial court's observation that it had "so little to go on in where this child goes," and its repeated references to the difficulty that it experienced in deciding what was best for the child under the instant circumstances because "it's really close for both" parents.

## IV. CONCLUSION

The trial court failed to follow the proper procedure for considering plaintiff's motion for a change of domicile.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Henry William Saad
/s/ Michael J. Riordan