# STATE OF MICHIGAN

# COURT OF APPEALS

JESSICA KUBACKI,

Plaintiff-Appellee,

v

JAMES KUBACKI,

Defendant-Appellant.

UNPUBLISHED
December 11, 2018

No. 343526
Sanilac Circuit Court
Family Division
LC No. 12-034834-DM

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

After the parties' divorce in November 2012, plaintiff was granted sole legal and physical custody of the parties' minor children, JMK and JJK.[1] In October 2017, defendant filed a motion to modify the children's custodial arrangement concerning legal custody and also to modify the parenting-time schedule. The trial court denied defendant's motion, reasoning that defendant had not established proper cause or a change in circumstances necessary to warrant altering the children's custodial arrangement or parenting-time schedule. Defendant appeals as of right. We affirm the trial court's order to the extent that it denied defendant's request to alter the children's custodial arrangement. However, we reverse the trial court's order to the extent that it denied defendant's request to modify the parenting-time schedule, and we remand this case for the trial court to revisit this request.

Defendant, in his motion requesting a change in the children's custodial arrangement and in the parenting-time schedule, argued that (1) his lack of legal representation before entry of the consent judgment of divorce resulted in an unusual custodial arrangement; (2) he had attempted to persuade plaintiff to stipulate to a change in the children's custodial environment and parenting-time schedule; (3) he had a good relationship with his children; (4) plaintiff had been allowing defendant to exercise alternative weekly parenting time with the children during the

---

[1] The record is not entirely clear regarding JJK's birth date and thus whether JJK has already reached 18 years of age. If he has already reached 18 years of age, JJK is no longer subject to orders of custody and parenting time under MCL 722.27(1)(c). In that case, our holdings affect only the custodial arrangement and parenting-time schedule pertaining to JMK.

-1-

two preceding summers, notwithstanding the time allotted by the Friend of the Court; (5) plaintiff had frequently allowed defendant to exercise parenting time for one or two days during the week, notwithstanding the time allotted by the Friend of the Court; (6) plaintiff's occupation as a preschool teacher and volleyball coach frequently required her to spend time working after school hours; (7) defendant had acquired seasonal employment that allowed him to take time away from work for three to four months around winter, which he could spend with the children; and (8) it would be in the children's best interests to modify the custodial arrangement and parenting-time schedule. Plaintiff did not file a written response to defendant's motion.

The trial court conducted a hearing on defendant's motion, indicating that the only issue it would address at the hearing was whether defendant had shown the requisite proper cause or change in circumstances to warrant a modification of parenting time or the children's custodial arrangement. Plaintiff's counsel argued that defendant had not established proper cause or a change in circumstances as required under the standards outlined in *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003). The trial court agreed, concluding that defendant had not established proper cause or a change in circumstances sufficient to warrant a modification of parenting time or the children's custodial arrangement. With regard to parenting time, specifically, the trial court noted that the parties were free to modify the parenting-time arrangement as they saw fit. Defendant appeals as of right.

In issues concerning custody of a child, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. The statute articulates three standards of review, applied in different contexts. *Yachcik v Yachcik*, 319 Mich App 24, 31; 900 NW2d 113 (2017); *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). This Court reviews for an abuse of discretion a trial court's decision whether to change custody of a minor child. *Yachcik*, 319 Mich App at 31. " 'In this context, an abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias.' " *Id*., quoting *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014). Questions of law are reviewed for "clear legal error." *Yachcik*, 319 Mich App at 31. Clear legal error results when a trial court incorrectly chooses, interprets, or applies the law. *Id*. Findings of fact are reviewed under the great-weight-of-the-evidence standard, which dictates that "[t]his Court may not substitute [its] judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Id*. (citations and quotation marks omitted). These same standards also apply when reviewing orders concerning parenting time. *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010).

Further, this Court reviews for an abuse of discretion a trial court's decision regarding whether to omit or limit oral argument. *Fisher v Belcher*, 269 Mich App 247, 252; 713 NW2d 6 (2005).

Defendant argues that the trial court erred when it denied his motion to the extent that he requested a change in the children's custodial arrangement.[2]

Under MCL 722.27(1)(c), a trial court may "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age . . . ." Judgments and orders that may be modified include those providing for legal custody, physical custody, or parenting time. See MCL 722.1102(c) and *Shade*, 291 Mich App at 22. This Court has previously determined that, under these rules, a trial court is not authorized to revisit an otherwise valid prior custody decision or to consider the statutory best-interests factors under MCL 722.23 until *after* the party requesting a modification of a child's custodial arrangement has proven, by a preponderance of the evidence, that proper cause or a change of circumstances has occurred warranting such a revisiting. *Vodvarka*, 259 Mich App at 508-509. The trial court is not required to conduct an evidentiary hearing to address this threshold question. *Id*. at 512; *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

In cases in which a parent requests a change of custody, "proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka*, 259 Mich App at 511. This Court has explained that

> to establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. [*Id*. at 512.]

The *Vodvarka* Court held that, to show a "change in circumstances" sufficient to warrant revisiting custody,

> a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something

---

[2] To the extent that defendant, by way of some of the statements in his appellate brief, may be attempting to argue that the trial court erred by failing to advise him, before the 2013 consent judgment of divorce, of the possibility of joint custody, see MCL 722.26a(1), we find that such an argument effectively constitutes a collateral attack on the consent judgment because defendant is not raising it on direct appeal of that judgment. See *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995) ("[W]e believe a collateral attack occurs whenever a challenge is made to a judgment in any manner other than through a direct appeal."). Judgments of divorce are generally not subject to collateral attack. *Estes v Titus*, 481 Mich 573, 590 n 43; 751 NW2d 493 (2008). In addition, defendant has not provided adequate factual support for his assertion that he was never advised of the possibility of joint custody.

more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors. [*Id.* at 513-514.]

On appeal, defendant does not argue that a change in circumstances occurred sufficient to warrant a revisiting of the children's custodial arrangement. Rather, he argues that such revisiting was supported solely by proper cause. In addition, defendant has failed to articulate *how* a revisiting of the children's custodial arrangement has been supported by proper cause. In his appellate brief, defendant simply contends, without citing any factual support, that "[i]t is obviously appropriate to the circumstances and an appropriate ground for legal action to be taken to simply grant Defendant joint legal custody with the Plaintiff concerning their two minor children." Without more, this bare assertion is insufficient under *Vodvarka*, Mich App at 512, to establish the requisite proper cause.

Even *if* defendant had made the same assertions as he had in his motion—i.e., that (1) he did not have a right to retrieve his children from school or take them to medical appointments, (2) he could not request the children's school or medical records, and (3) he had been engaging in parenting time in excess of what was outlined in the parenting-time agreement and would be able to continue engaging in additional parenting time in the future—defendant would not prevail. Indeed, defendant failed to discuss how these facts, if accepted as true, were "of such magnitude [as] to have a significant effect on the child[ren]'s well-being." *Vodvarka*, 259 Mich App at 512. Defendant has not suggested—nor has he put forward any evidence to support—that plaintiff has struggled to retrieve the children from school or take them to medical appointments. Likewise, defendant has offered no evidence demonstrating that there is a need for him to acquire the children's medical or school records; the parties do not appear to disagree on matters pertaining to the children's education or medical requirements, and the children do not appear to have any unique or special needs with respect to either. Moreover, defendant has failed to explain why the additional parenting time he has exercised constitutes proper cause under *Vodvarka*.[3]

The trial court did not err when it determined that defendant failed to satisfy his burden of proving, by a preponderance of the evidence, that proper cause or a change in circumstances existed sufficient to warrant revisiting the children's custodial arrangement.

Defendant further contends that the trial court erred when it denied his motion to the extent that he requested a modification of parenting time.

---

[3] We note that the parties are entitled to agree on parenting time that does not follow the provisions in the Sanilac County Friend of the Court guidelines unless the trial court determines that such deviations are not in the children's best interests. See Sanilac County Circuit Court, *Friend of the Court Parenting Time Guidelines* (May 12, 2017), p 5, available at <https://www.sanilaccounty.net/Handlers/File.ashx?ID=22114> (accessed December 3, 2018).

If a parent requests a mere change in parenting time—as opposed to a change in a child's established custodial environment[4]—the *Vodvarka* standards generally do not apply. *Shade*, 291 Mich App at 25-28. In other words, a parent does not need to establish proper cause or a change in circumstances in accordance with *Vodvarka* before the trial court may grant a request to modify the parenting-time schedule, unless such modification would result in a change in the established custodial environment. *Id*. at 27-28. Instead, "a lesser, more flexible understanding of 'proper cause' or 'change in circumstances' " applies. *Kaeb v Kaeb*, 309 Mich App 556, 570-571; 873 NW2d 319 (2015); *Shade*, 291 Mich App at 30-31 (unless the requested parenting-time modification would result in changes to the established custodial environment, "normal life changes" that occur in a child's life, such as a desire to be more involved in extracurricular activities, are sufficient to modify parenting time).

"In a parenting-time matter, when the proposed change would not affect the established custodial environment, the movant must prove by a preponderance of the evidence that the change is in the best interests of the child." *Lieberman v Orr*, 319 Mich App 68, 84; 900 NW2d 130 (2017). This requires a trial court to determine whether an established custodial environment exists and whether modification of a parenting-time schedule would alter that environment. *Marik v Marik (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 333687); slip op at 8-9.

The trial court automatically assumed that the *Vodvarka* standards applied to defendant's motion, but defendant in his motion clearly requested a change in legal custody and for "additional parenting time." We therefore remand this case for a reevaluation of the request for a change in parenting time in accordance with the applicable standards.

Defendant appears to be raising unpreserved arguments that the trial court erred by denying his motion because it should not have allowed plaintiff's counsel to speak at oral arguments and because plaintiff effectively consented to defendant's motion when she failed to file a responsive brief. Defendant has cited no authority in support of either of these contentions. This Court will not search for authority in support of a party's position on appeal, and a party's failure to cite sufficient supporting authority constitutes abandonment of the issue. *King v Oakland Co Prosecutor*, 303 Mich App 222, 236; 842 NW2d 403 (2013). At any rate, MCR 2.119(E)(3) states that a trial court "*may* require the parties to file briefs . . . in opposition to a motion." MCR 2.119(E)(3) (emphasis added). Ordinarily, use of the word "may" indicates a permissive, but not mandatory, action. See *Ladd v Motor City Plastics Co*, 303 Mich App 83, 106; 842 NW2d 388 (2013). Accordingly, even if we were to consider defendant's position, we

---

[4] MCL 722.27(1)(c) provides, in part:

The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

would find no error with the trial court's process—it had discretion to allow plaintiff to present her arguments at the motion hearing as opposed to in a written response.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien