*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHIMERE MARIE BROWN,

      Plaintiff-Appellant,

v

DERAMUS PAUL DAVID FRANCE,

      Defendant-Appellee.

UNPUBLISHED
June 09, 2026
2:43 PM

No. 377006
Oakland Circuit Court
LC No. 2024-525282-DM

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

PER CURIAM.

This dispute concerns the request to change the domicile of a minor child from Michigan to Texas. Below, the trial court denied plaintiff's motion to change domicile after concluding the factors set forth in MCL 722.31(4) did not weigh in favor of changing domicile. That was erroneous because those factors do not apply—as is the case here—"if the order governing the child's custody grants sole legal custody to 1 of the child's parents." MCL 722.31(2). We reverse the trial court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff, Chimere Brown, and defendant, Deramus France, are the divorced parents of minor child DMRF. Their 2019 judgment of divorce provided joint legal custody, with plaintiff having primary physical custody.[1] As this Court detailed in a prior opinion, their relationship appears fraught with domestic violence incidents. See *In re DPDF*, unpublished per curiam opinion of the Court of Appeals, issued May 19, 2022 (Docket No 355799), p 1-2. This includes, for example, defendant striking plaintiff's head after she attempted to leave a school with DMRF in compliance with their custody arrangement.

---

[1] Our caselaw "uses 'sole custody' or 'primary physical custody' to distinguish between an award of custody to one parent," as here to plaintiff, "and an award of joint physical custody." *Lieberman v Orr*, 319 Mich App 68, 79; 900 NW2d 130 (2017).

In May 2024, plaintiff filed a motion to change domicile and grant her full legal custody of DMRF. The Friend of the Court Referee recommended that the trial court grant plaintiff sole legal custody of DMRF but deny her motion to change domicile. No objections were made to the Referee's recommendation, and the trial court approved that recommendation.

At issue is plaintiff's March 2025 motion to change DMRF's domicile to Texas. The Referee recommended that the trial court deny the motion because plaintiff failed to establish how the change of domicile would improve DMRF's life and that the best-interest factors did not support a change of domicile. Over plaintiff's objection, the trial court denied plaintiff's motion. This appeal by right followed.

II. ANALYSIS

Plaintiff contends the trial court erroneously applied the statute governing a minor child's change of domicile, MCL 722.31, and its accompanying court rule, MCR 3.211(C)(3), to her motion to change domicile. On de novo review of the trial court's interpretation of the governing statute, *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010), we agree.

A minor child's domicile "may not be moved from Michigan without the approval of the judge who awarded custody," and a trial court must comply with MCL 722.31 when considering whether to grant a motion to change domicile. MCR 3.211(C)(1) and (3). Generally, "[w]hen the parents share joint custody and one parent is seeking permission to relocate more than 100 miles away, the family court must consider the factors of MCL 722.31(4)." *Spires v Bergman*, 276 Mich App 432, 436-437; 741 NW2d 523 (2007). This requires applying a four-step approach, beginning with the movant establishing by a preponderance of the evidence that the five factors set forth in MCL 722.31(4)(a) to (e) support a change (improvement of life, compliance with parenting time, preservation of parental relationship, motivation of opposing parent, and domestic violence). See *Rains v Rains*, 301 Mich App 313, 326-327; 836 NW2d 709 (2013). Upon satisfaction of that first step (which are sometimes referred to as the *D'Onofrio* factors), the trial court must (step two) "determine whether an established custodial environment exists," (step three) "determine whether the change of domicile would modify or alter that establish custodial environment, and (step four) "determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence." *Id*. at 325.

However, the Michigan Legislature created an exception applicable here. When a parent has sole legal custody, MCL 722.31(2) excuses courts from conducting the four-step inquiry. *Sulaica v Rometty*, 308 Mich App 568, 581-582; 866 NW2d 838 (2014). It exempts that inquiry "if the order governing the child's custody grants sole legal custody to 1 of the child's parents." MCL 722.31(2). As this Court has stated many times over now, "the language of the court rule does not require the family court to consider the *D'Onofrio* factors. Instead, the court rule simply requires the court to comply with MCL 722.31, which by its own language makes consideration of the *D'Onofrio* factors unnecessary when the relocating parent has sole legal custody." *Spires*, 276 Mich App at 439. See also *Brausch v Brausch*, 283 Mich App 339, 352; 770 NW2d 77 (2009) (similar); *Sulaica*, 308 Mich App at 581-586) (collecting caselaw). Stated differently, "if a parent with sole legal custody wishes to move a child subject to a custody order out of this state, MCL

722.31 does not apply and the trial court may not consider the *D'Onofrio* factors." *Brecht v Hendry*, 297 Mich App 732, 742; 825 NW2d 110 (2012).

These authorities require us to hold that the trial court erred when it considered plaintiff's motion to change domicile through the factors set forth in MCL 722.31(4).[2]

While no one disputes that plaintiff had sole legal custody of DMRF at the time the trial court ruled on plaintiff's motion to change domicile and consideration of the factors in MCL 722.31(4) was not required, the trial court must still determine whether the modified residence would change the child's established custodial environment. See *Brown v Loveman*, 260 Mich App 576, 598 n 7; 680 NW2d 432 (2004); *Sulaica*, 308 Mich App at 583. If relocation would "result in a change in parenting time so great as to necessarily change the established custodial environment," the court must inquire into the best-interest factors in MCL 722.23. *Brown* at 594–595, 598 n 7. The moving party must then prove by clear and convincing evidence that the change of domicile is in the child's best interests. *Id.*

We thus remand to the trial court for it to determine whether the modified residence would change DMRF's established custodial environment, which it must do based on up-to-date information in existence at the time it makes this determination. See *Butters v Butters*, 510 Mich 503; 990 NW2d 826 (2022). And in so doing, we expect the trial court to expedite its consideration of this issue, resolving it by no later than 60 days. Finally, "[i]n light of our resolution of the dispositive issues, we decline to address the remaining issues raised by the parties on appeal," *Huron Mountain Club v Marquette Co Rd Comm*, 303 Mich App 312, 329; 845 NW2d 523 (2013), including plaintiff's alternative argument regarding her entitlement to the entry of an order permitting a change of domicile.

### III. CONCLUSION

For these reasons, we reverse the trial court's order and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiff may tax her costs. MCR 7.219(A).

/s/ Christopher M. Trebilcock
/s/ Thomas C. Cameron
/s/ Andrew J. Lievense

---

[2] Defendant does not cite *Brausch*, *Brecht*, *Spires*, or *Sulaica*, let alone attempt to distinguish them. Indeed, his appellee brief on appeal consists solely of examining the *D'Onofrio* factors.